## JOHN N. BEDARD
*v.*
## LYMAN HALL *et al.*

1. JURISDICTION — *La Salle County Court — same as Circuit Court — except as to crimes.* By an act of 1865, entitled " an act to extend the jurisdiction of the County Court of La Salle county, that court acquired equal and concurrent jurisdiction with the Circuit Court, as to all matters except crimes and misdemeanors.

2. PRESUMPTION — *that a statute was constitutionally passed.* Where an act is found among the public laws, bearing the approval of the governor, this court will presume that such act was constitutionally passed, the record disclosing no proof to the contrary. The journals of the legislature will not be examined here for the first time, to impeach it.

3. TAXATION — *public improvements — constitutionality of assessments therefor — against persons specially benefited.* Under section 5, article 9, of the Constitution, the legislature may confer upon the corporate authorities of a city the power, in cases of public improvement, which concern the whole public, to assess each lot the special benefit it will derive from the improvement, charging such benefit on the lots, the residue of the cost to be paid by equal and uniform taxation.

4. FORMER DECISIONS. In the cases of *The City of Chicago* v. *Larned*, 34 Ill. 203, and the *The City of Ottawa* v. *Spencer et al.*, 40 Ill. 211, the principles therein established are to be adhered to, and must govern in like cases.

APPEAL from the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. BULL & FOLLETT, and D. L. HOUGH, for the appellant.

Mr. OLIVER C. GRAY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, exhibited in the County Court of La Salle county, by *Lyman Hall* and others, property owners and tax payers, in the city of La Salle, to restrain the city col·lector from the collection of a certain warrant issued to him, requiring him to collect the amount therein specified, which had been assessed by the city council, against certain real estate, for special benefits accruing to such property by means of certain improvements to Main street in that city. The amount sought to be enjoined was about $8,000. The bill recites the several acts of the city council in proceeding to make the assessments, and also of the commissioners and other officers of the city under those ordinances in assessing the special benefits. The bill alleges that the commissioners elected by the city council to make the assessments, reported an assessment against property benefited to the amount of about $20,000; that the report of these commissioners was filed with the city clerk, and notice given as required by the ordinance, and on objections made, the whole matter was referred to a special committee, on whose report the city council revised and corrected the assessment, reducing the same to about $14,000. The complainants alleged that their lots have a frontage on Main street, and that the assessment is not made with reference to the value of their property, and therefore is not in conformity with the Constitution; that the improvement is a public improvement, and should be assessed upon the whole taxable property of the city according to its assessed value.

The city collector put in a demurrer to the bill, and alleged a want of jurisdiction in the County Court to entertain it, as it affirmatively appeared the amount in controversy exceeded the sum of $1,000, that being the limit of the jurisdiction of that court.

The demurrer was overruled, and the injunction made perpetual.

To reverse this decree the city collector brings the case here by appeal, and assigns for error that the County Court had no

jurisdiction of the subject, and in overruling the demurrer and decreeing for complainants.

In regard to the question of jurisdiction, it is sufficient to say, that, by the act of 1865, entitled "An act to extend the jurisdiction of the County Court of La Salle county," equal and concurrent jurisdiction with the Circuit Court of that county was specially conferred in relation to all matters except crimes and misdemeanors. Sess. Laws, p. 37.

This act is found among the published laws of that session, and bears the approval of the governor, and no evidence was offered in the court below, of any matter or thing going to show that the act was not passed in conformity to the Constitution. We will not examine the journals for such purpose, but take it for true, that the act was constitutionally passed. We take judicial notice of the fact, that the law is found in the public statute book, and no evidence having been offered to impeach it, we will not look at the journals now, for the first time, to impeach it.

We pass over the other matters alleged to bear on the question of jurisdiction, as we are of opinion they make a case eminently proper for the consideration of a court of chancery, and come at once to the main and important point in controversy. Is the ordinance in question in accordance with the provisions of the Constitution on the subject of taxation, as interpreted by this court?

The sections of the ordinance bearing on the question are the following:

"SECTION 1. *Be it Ordained by the City Council of the City of La Salle,* That whenever, in the judgment of the city council, it shall become necessary to pave, grade, or macadamize any street, lane, alley or avenue in said city, or to make or construct any sewer or passage way for water, or any sidewalk, or pavement, or make any other public improvements, they shall pass an order or ordinance to that effect, which order or ordinance shall specify the nature and locality of such public improvements.

" SEC. 2. The city council shall cause the appropriate committee, or a special committee appointed for that purpose, to make an estimate of the probable cost of making such public improvement, together with the cost of levying and collecting the assessment therefor, whose duty it shall be to make such estimate as soon as practicable, and report the same to the city council, either at a regular, adjourned, or special meeting of the same, called for that purpose.

" SEC. 3. Upon the report of the probable cost of such public improvement being made as provided for by the preceding section, it shall be the duty of the city council to appoint, by ballot, three commissioners for the purpose of making a just and equitable assessment of the cost of such proposed public improvement, as hereinafter provided.

" SEC. 4. The commissioners herein before provided for shall be notified of their appointment by the city clerk, and before entering upon the discharge of their duties, shall take and subscribe to an oath of office, to be filed with the city clerk, substantially as follows : "

[The oath is here set out in full.]

The principal question arises upon the fifth and sixth sections, which are as follows :

" SEC. 5. It shall be the duty of such commissioners to examine the locality where such public improvement is proposed to be made, as well as such lots, parts of lots, blocks, or parts of blocks, and tracts of land as will be specially benefited thereby, and to determine as near as practicable, how much each lot, or part of lot, block, or part of block, or tract of land will be specially benefited by such proposed improvement, and to assess the amount of such special benefit to each lot, block, or tract of land, or part thereof, the total amount of such special benefit, however, not to exceed the total cost of such improvement, and if the amount of such special benefits shall be less than the probable amount of the total cost of such proposed improvement, they shall report that fact to the city council,

and such deficiency shall be paid out of moneys in the city treasury not otherwise appropriated.

"SEC. 6. Said commissioners shall make out an assessment roll of the real estate, in their judgment specially benefited by such improvement, in which shall appear the owners' names, as far as known, a description of the real estate benefited, the valuation thereof, and the amount assessed as special benefits, which assessment roll shall be filed in the office of the city clerk, within forty (40) days from entering upon the discharge of their duties."

That the charter of the city of La Salle confers the power upon the city council to pass this ordinance is not controverted, but it is insisted, it was beyond the power of the general assembly to confer the power upon that body.

The grant of power, it would seem, by reference to section 5 of article 9 of the Constitution, is ample for the purpose. It provides that the corporate authorities of counties, cities, etc., may be vested with power to collect taxes for corporate purposes, the only limit being, that such taxes shall be uniform with respect to persons and property. It will be perceived this section, unlike that of section 2 of the same article, does not require that the value of the property shall be ascertained and assessed according to its value, but only that the tax upon it shall be uniform. It would be unfair to the owners of property, in different parts of a city, of the same actual value as that of the property to be distinctly and specially benefited by a proposed improvement, that they should pay for the improvement by an assessment on the value of their property. The special benefit may be more than the amount of the tax assessed or the value, and it is only fair and just that the owner should be charged with such benefit.

As we said, in the case of *The City of Chicago* v. *Larned et al.*, 34 Ill. 203, in commenting on this section of the Constitution, it does not, in terms, authorize a special assessment for corporate purposes, but only to assess and collect taxes for such purposes ; that a corporate purpose being ascertained and determined on by the city authorities, the principle should be

adopted in order to carry it out, equally required by the Constitution and demanded by the merest justice. Assess to each lot the special benefits it will derive from the improvement, charging such benefits upon the lots, and the residue of the costs be paid by equal and uniform taxation. Pp. 279, 280.

We do not deem it necessary to go over the ground again, occupied in the Larned case. We have recognized that case, and the principles therein established, in the subsequent case of *The City of Ottawa* v. *Spencer et al.*, 40 Ill. 211, which was for the construction of a sidewalk. The charter of the city required the owners of each lot to make the sidewalks, at their own expense, within a certain time after notice. The owners failing to make the sidewalks, they were constructed by the city and the expense reported to the common council, by whom it was assessed against the respective lots in front of which the sidewalk was built. A warrant for its collection was issued and placed in the hands of the city collector, who returned it, no property found, out of which to make the assessment. The usual notice was then given, that a judgment would be applied for before the County Court of La Salle, against the lots for the amount of the assessment, and for an order to sell the lots. The court refused the judgment, and, on appeal to this court by the city, the judgment was affirmed. In that case, special reference was made to Larned's case, and we said, that although in the one case, which was for an expensive improvement known as the "Nicholson pavement," while in the other it was for a plank sidewalk, of comparatively small expense, that the same principles govern both. In either case, the owner of the property fronting an improvement may use and enjoy the benefits of it, in common with all other persons. In the one case as in the other, the improvement is made for the benefit of the public. In neither case has the owner of the property fronting on the improvement any exclusive or greater rights in the improvement than has any other individual in the community." Hence, the public should pay for the improvement, the property owner specially benefited by the improvement, to be charged only with the special benefits conferred on him by the improvement.

We are of opinion section five of the ordinance is in strict accordance with the principles established in these two cases, and we have no desire to depart from them. The contemplated improvement being for the benefit of the whole public, that public should pay the cost of it, on the principle equally just and equitable, of charging the owner of the property specially benefited with the amount of such benefits, if any there be, and taxing the public for the deficiency by an equal and uniform assessment. This is substantially done by the fifth section, the deficiency, over and above the special benefit to be paid out of the money in the city treasury, and which money is presumed to be the avails of equal and uniform taxation.

The decree of the County Court is reversed and the cause remanded, with directions to sustain the demurrer to the bill and to dissolve the injunction, so that the collector can proceed on his warrant.

*Decree reversed.*