# CASES

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1871.

SAMUEL S. GREELEY *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.*

1. SPECIAL CHARTERS *for towns—under constitution of* 1848. The constitution of 1848, by authorizing the adoption of township organization, did not prohibit the general assembly from creating towns with special charters. In the absence of such a limitation, that body has power to create municipal corporations, as well in regard to a town six miles square, as to a village with less territory.

2. SPECIAL ASSESSMENTS. Such a charter authorizing special assessments to be levied, is not unconstitutional because it does not require them to be made on the principle that the benefits must at least be equal

---

*This case, and the two following, are considered in the same opinion: *Marcus D. Gilman* v. *The People,* and *George Merriman* v. *The People.*

to the assessment.   But the constitution of 1848 requires assessments to be so made, and an assessment in excess of benefits would be void.

3.   An ordinance requiring a specified sum to be assessed on the property in the town, benefited by the improvement, without reference to whether the property is benefited to that amount, and without requiring it to be levied on the principle of equality of benefit and burthen, is void, and the levy of an assessment under it can not be enforced.                          .

4.   MUNICIPAL CORPORATIONS—*their powers.*   Under a charter creating a general municipal government, with all the ordinary machinery thereof, such a body has the power to erect a town hall in which to hold town meetings, elections, and for other corporate purposes, and whether such a building is necessary, is a question that must be left, in a great degree, to the people and the officers, and an application of the fund to such a purpose, in the absence of evidence, will not be held such a perversion of the fund as is not included in the provisions of the charter.   .

APPEALS from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. GEORGE SCOVILLE and W. E. FURNESS, for the appellants.

Mr. FRANCIS ADAMS, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:                                                      .

In these cases, a judgment was rendered against certain lands in the town of Cicero, county of Cook, for the amount of the State, county, town and school taxes alleged to be due thereon, and also for a special assessment levied for the improvement of a highway, called Riverside Parkway.   These taxes, and the special assessment, were levied by virtue of certain powers given in the act incorporating the town of Cicero, to be found in Private Laws of 1867, vol. 3, p. 385, and the first objection taken by appellants is, that the act is unconstitutional.   It is claimed that the constitution of 1848, by requiring the legislature to pass a general law for township organization, forbade, by implication, the granting to towns of special charters.   We consider this position wholly untenable.   It is true, the court held, in *The People* v. *Brown,* 11 Ill.

478, that the legislature could not impose a general township organization upon the people of a county in any other manner than that provided in the constitution. But that decision has no relation to the present question. There was nothing in the constitution of 1848 prohibiting the general assembly from granting special municipal charters. In the absence of a prohibition, this power clearly belonged to that body, and it could exercise it as well in regard to a town six miles square, as to a village with less territory. This was all matter of legislative discretion.

It is further claimed, that the provisions in the charter authorizing special assessments, are void, because they do not require such assessments to be made upon the principle of an equation between benefits and burdens. But, nevertheless, the general grant of power was valid. It was not necessary to prescribe the precise mode of its exercise. When the town desired to avail itself of this power, it would, of course, be necessary to exercise it in the manner required by the constitution, and not impose an assessment in excess of special benefits, nor distribute the assessment in unequal proportions over the property benefited. *Larned* v. *City of Chicago*, 34 Ill. 203.

This brings us to an objection that is well taken. The ordinance directing this special assessment, orders the sum of $125,200.11 to be assessed "upon the real estate deemed benefited by such improvement, in proportion, as nearly as may be, to the special benefit resulting to each separate lot or parcel thereof." The commissioners took an oath worded in a similar manner, and, we must presume, made the assessment as required by the ordinance and their own oath.

It will be perceived, at once, this ordinance is fatally defective. It assumes there is property which will be specially benefited to the extent of this very large assessment, although the town has taken no measures to ascertain that fact, and arbitrarily directs the imposition of this sum as a tax upon property benefited, though it might well be that the aggregate of all special benefits to be derived from the

improvement would be but a small fraction of the sum assessed. The cardinal principle of equation between burdens and benefits, upon which it was necessary, under the constitution of 1848, that all special assessments should be based, was here entirely ignored. The principle of proportion between different lots was indeed preserved, but that was all. Inasmuch, then, as the ordinance disregards the principle of equality between burden and benefit, and imposes this tax upon the property benefited, though the benefit may be but a fraction of the tax, we must hold it void, upon principles well settled in this court.

It is further objected, that the judgment for the town taxes was erroneous, because the warrant included a tax for $15,000, imposed for erecting public pounds and building a town hall. It is claimed the charter does not authorize the appropriation of money for building a town hall; it does, however, create a general municipal government with all the ordinary machinery thereof, and for the working of which it is necessary to hold town meetings and popular elections. The charter expressly authorizes the appropriation of so much money as may be necessary to carry out its provisions. It may be that a town hall, to be used for public purposes connected with the affairs and government of the town, is necessary, and whether it is or not, is one of those questions which must necessarily be left, in great degree, to the judgment of the people, and of the officers whom the people elect. At least, this is not an appropriation of the public funds for a purpose which a court, in the absence of all evidence, can say is plainly unnecessary, and not included within the purposes of the charter. This objection to the general tax warrant is not well taken, but the judgment must be reversed because it included the special assessment.

The judgment is reversed and the cause remanded.

*Judgment reversed.*