## W. W. CRAWFORD *et al.*

### *v.*

## THE PEOPLE *ex rel.* Julian S. Rumsey.

1. ASSESSMENT—*for public improvements, must not exceed benefits.* Property can only be assessed for public improvements on the principle of benefits received by the property from the construction of the work, and the assessment should never exceed the benefits conferred; and it is essential that it should appear, from the proceedings themselves, that such was the principle upon which the assessment was made.

2. SAME—*special benefits—by whom to be ascertained and assessed.* The charter of the town of Cicero, in the county of Cook, granted in 1867, required that the amount to be assessed for public improvements, as special benefits upon property, should be determined by the board of trustees, and provided the manner of appointment of commissioners to apportion the special benefits and make the assessment.

3. It was clearly within the power of the legislature to say who should ascertain and determine the extent of the special benefits, and who should assess them.

4. Where an ordinance of such town, appointing commissioners to assess a certain sum for a public improvement upon the property to be thereby benefited, recites that the trustees of the town have, upon proper examination made by them, ascertained and determined that there was real estate in the town benefited to the amount required to be assessed, this is a sufficient finding of the fact, and it is not necessary that the commissioners should ascertain the fact again in making the assessment.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. McDAID & WILSON, for the appellants.

Mr. F. A. SMITH, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The board of trustees of the town of Cicero, in Cook county, adopted an ordinance for graveling a portion of Madison street in that town. The ordinance provided that $400 of the cost be paid by the town, and $39,600 be levied on the property of individuals benefited by the improvement; and the ordinance recites that the "board of trustees having, on proper examination made by the board, ascertained and determined that there is real estate within said town which will be benefited by the said improvement, to the amount hereby ordered to be specially assessed," the board of trustees appointed commissioners to make the assessment.

The oath signed and sworn to by the commissioners is this:

"We, the undersigned, commissioners, etc., do solemnly swear that we will assess the said amount of $39,600 upon the real estate deemed benefited by said improvement, in propor-

tion to the special benefits resulting thereto, as nearly as may be, in conformity with said ordinance, and that we will faithfully and impartially make such assessment according to the best of our ability."

The commissioners reported to the trustees that they had made the assessment upon the real estate deemed specially benefited by the improvement, in proportion, as nearly as may be, to the special benefit to each separate lot, or parcel thereof. They also say, in the conclusion of their report: "And do hereby assess the amount to each separate lot, or parcel of real estate, in the foregoing assessment roll mentioned, in their approximate return, as the special benefits resulting thereto from said completed improvement." They also report that they gave notice, by posting the same in three of the most public places in the town, of the times and places of making the assessment, to all persons to appear, if they chose, and that they were present at the time and place named. There was notice given of the time fixed to consider whether the report would be affirmed.

It is urged that this proceeding is insufficient, in the fact that the trustees directed that $39,600 be assessed upon real estate deemed benefited by the improvement, in proportion, as nearly as may be, to the special benefits resulting to each separate lot, piece or parcel of such real estate, without regard to the extent or amount of the benefits received, and that the return is in accordance with the oath of the commissioners; that the ordinance and their oath did not require them to ascertain the amount that each piece or parcel of ground would be benefited, and assess no more than that amount of such benefit, or less, if such was its proportion; but that they required them to apportion the whole amount on property deemed benefited. at a proportionate rate, although the amount imposed on each tract might be more than the benefit conferred.

If these propositions are true, then the assessment is void, and can not be collected. It is the well established doctrine of this court that property can only be assessed for pub-

lic improvements, on the principle of benefits received by the
property from the construction of the work, and that the
assessment should never exceed the benefits conferred; and it
is essential that it shall appear, from the proceedings them-
selves, that such was the principle upon which the assessment
was made.

In this case the trustees proceeded to determine that the
property of the town was benefited to the amount of $39,600,
and the commissioners were required to assess that sum on
the property benefited, in proportion to the benefits received.
It would seem that the determination of whether the property
in the town was benefited to that amount, was not in anywise
left to the determination of the commissioners. That had
been determined for them by the trustees, and the commis-
sioners only had to assess it on the property benefited, in pro-
portion to the benefit.

The question is, whether the statement in the ordinance,
that the board of trustees having, upon proper examination
made by them, ascertained and determined that there was
real estate in the town specially benefited to the amount
required to be assessed, was such a finding as the law requires.
There can be no doubt that, in some mode, it shall be ascer-
tained that the special benefits will be conferred equal to or
greater than the amount to be levied, and that they must be
imposed on the property proportionately (*Greeley* v. *The
People*, 60 Ill. 19); that there must be an examination by the
proper persons, and the amount found, is held in that case.
The board of trustees had no power to arbitrarily order a cer-
tain amount to be levied and assessed on property, and that it
should be apportioned according to the special benefits re-
ceived, although those benefits might only amount to a frac-
tional part of the sum to be assessed. It was also held in that
case that, as the town had taken no measures to ascertain that
the special benefits were equal to or greater than the amount
required to be levied, the assessment violated the principle
that such burthens should not be greater than the ascertained
special benefits, and their enforcement was defeated.

In the case of *Bedard* v. *Hall*, 44 Ill. 91, an ordinance was held good which provided that commissioners should examine the property and estimate the special benefits, and assess the same on the property, although not to a greater extent than the cost of the improvement; and appellants claim this was the only proper mode of ascertaining and assessing the special benefits. That case does not so hold, but holds that to be a proper mode, but does not determine that to be the only legal mode.

The case of *Greeley* v. *The People, supra,* is similar to this, except here the board of trustees had found the amount of special benefits, and required the commissioners to apportion them amongst the property owners receiving the benefit. The charter of the town (Private Laws 1867, vol. 3, p. 372) confers the power to make such improvements, by assessments on real estate benefited by the improvement, in proportion, as nearly as may be, to the benefits resulting thereto, and the amount to be assessed for such improvement or purpose is required to be determined by the board of trustees. It provides the manner of appointing the commissioners to apportion the special benefits and make the assessment; and we are clearly of opinion this ordinance and the proceedings under it conform to the charter, and to the cases above referred to, prescribing the requirements in such proceedings.

This is in conformity to the power delegated by the General Assembly, and that body had the undoubted power to say who should ascertain and determine the extent of the special benefits, and who should assess them; and the power having been pursued, the proceeding must be held to be valid and binding. Had the charter been silent as to who should ascertain the amount of special benefits conferred, we are not prepared, unless they were prohibited from doing so, to hold that the board of trustees could not have performed the duty of fixing, on a full examination, the amount of benefits specially conferred.

Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*