THE TOWN OF DRUMMER *et al.*

*v.*

WILLIAM COX *et al:*

*Filed at Springfield April 3, 1897.*

1. STATUTES—*statutes conferring powers of taxation are strictly construed.* Statutes conferring the power of taxation upon municipal authorities must be strictly construed in determining the extent of the power conferred.

2. MUNICIPAL CORPORATIONS—*power to levy tax is not inherent in municipality.* A municipal corporation has no power to levy taxes other than as conferred by statute, and all its acts in that regard must conform to the grant of power.

3. SAME—*Township Organization act construed as to power of town to levy taxes.* Neither clause 1 nor clause 3 of section 3, article 4, of the Township Organization act, (Rev. Stat. 1874, p. 1071,) confers on the electors present at a town meeting power to levy a tax to raise money for deepening and straightening a natural water-course running through the town.

4. INJUNCTION—*scope of injunction against extending and collecting tax.* An injunction against the extension and collection of a tax because of want of power in the municipality to make the levy, also prohibits the use by the town of a portion of the tax collected.

APPEAL from the Circuit Court of Ford county; the Hon. ALFRED SAMPLE, Judge, presiding.

J. H. MOFFETT & McQUISTON, for appellants:

Town taxes may be levied for purposes in which the public generally are directly interested, such as constructing or repairing roads, bridges or causeways within the town. *Greenwood* v. *Town of LaSalle,* 137 Ill. 225; *Freeport* v. *Supervisors,* 41 id. 495; *Drake* v. *Phillips,* 40 id. 388.

When the exclusive jurisdiction and power to legislate upon a given subject have been conferred by law upon a municipal corporation, every intendment and presumption ought to be made to support its acts. *Stanton* v. *Chicago,* 154 Ill. 23; *Harmon* v. *Chicago,* 140 id. 374; *People* v. *Cregier,* 138 id. 414; *Mt. Carmel* v. *Shaw,* 155 id. 37; *Taylor* v. *Thompson,* 42 id. 9.

Any act done by a municipal body involving a subject matter upon which it is authorized to act, and which involves judgment or discretion, will not be reviewed by the courts unless the same will operate oppressively or is unreasonable or unjust. *Stephens* v. *Training School*, 144 Ill. 336; *O'Hare* v. *Railroad Co.* 139 id. 151; *Crawfordsville* v. *Braden*, 130 Ind. 149; *Bates* v. *Bassett*, 1 L. R. A. 166.

If it be made to appear that a tax has been voted and levied with an honest purpose to protect the general well-being of the municipality, and was not merely designed for the benefit of individuals or a class, its collection should not be stayed by the courts. *Railroad Co.* v. *Smith*, 62 Ill. 268; *Taylor* v. *Thompson*, 42 id. 9.

CLOUD & KERR, for appellees:

The power of municipal corporations to levy taxes is strictly construed. Any fair and reasonable doubt concerning the existence of the power is resolved against the corporation and the power denied. 2 Dillon on Mun. Corp. (4th ed.) sec. 763; Cooley on Taxation, 209; *Commissioners* v. *Newell*, 80 Ill. 587; *Hutchison* v. *Self*, 153 id. 542; *Webster* v. *People*, 98 id. 349; *Lott* v. *Ross*, 30 Ala. 156; *Savannah* v. *Hartridge*, 8 Ga. 23.

A town may exercise only such powers as are granted or which are necessarily implied. 2 Starr & Curtis' Stat. p. 2411, par. 39; *Drake* v. *Phillips*, 40 Ill. 388.

The legislature having prescribed the mode by which systems of drainage may be established, no other mode can be pursued. Drainage statutes; *Webster* v. *People*, 98 Ill. 349.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Prior to April 7, 1896, there had been some discussion in the town of Drummer, amongst its residents, as to straightening Drummer creek, a stream which runs in a general direction from north to south through the town.

On the last mentioned date, at a town meeting, a pre-
amble and resolutions were adopted, in which it was re-
cited: "It is deemed advisable for the interests of the
town of Drummer, and for the protection of the roads and
bridges within said town of Drummer, and the better
drainage of said town of Drummer, that Drummer creek,
in said town of Drummer, be straightened and deepened"
between certain designated points. By a vote of the
town meeting $1000 was appropriated for that purpose,
and the town clerk was directed to certify the same to
the county clerk that it might be extended against the
property within said town. That was done, and numer-
ous property owners, appellees here, filed their bill to
enjoin the extension by the county clerk of the tax or
the collection of the same. A temporary injunction was
ordered by the chancellor and the defendants answered.
Numerous affidavits were filed and a motion was entered
to dissolve the injunction, which was denied by the court,
and the defendants prosecute this appeal and assign error
in granting the injunction, and appellees, complainants
below, assign a cross-error in not enjoining the use of the
money collected.

It is objected there was no notice given that an ap-
propriation would be sought to be made at that meeting,
that the meeting was not held at the polling place, and
that there was no power in the town to make the ap-
propriation for these specific purposes.

A municipal corporation can only exercise such powers
as are expressly granted, and all its acts must conform to
the grant of power as to the amount and purpose specified.
This principle is sustained by the uniform current of au-
thority in this State. (*Drake* v. *Phillips*, 40 Ill. 388.) It is
a principle of construction of a statute, that where power
is granted to a municipal authority to levy a tax it must
be construed strictly, and only such power can be exer-
cised as is granted in clear and unmistakable terms. The
power to levy a tax is not inherent in a municipality, and

can only be exercised when conferred, and in determining the extent to which conferred the rule of strict construction is necessarily followed. *Comrs. of Highways* v. *Newell*, 80 Ill. 587.

The authority granted to a township to provide for the levy of a tax at a town meeting is found in section 3, article 4, of the Township Organization act, and may be summarized as a grant of power to the electors present at the annual town meeting "to direct the raising of money by taxation for the following purposes: First, for constructing or repairing roads, bridges or causeways within the town to the extent allowed by law.    *    *    * Third, for any other purpose required by law." Under this first clause the power to raise money by taxation for the construction or repairing of roads or bridges to the extent allowed by law is expressly limited by provisions of the statute, and the amount should not exceed the limitation. (*Town of Lemont* v. *Singer & Talcott Stone Co.* 98 Ill. 94.) Not only is that limitation fixed by the statute, but the grant of power for the construction or repairing of roads and bridges is not a grant of power to do what was recited in the preamble and resolutions adopted on April 7, 1896, at the town meeting, which was: "It is deemed advisable for    *    *    * the better drainage of said town of Drummer that Drummer creek *    *    * be straightened and deepened." The first subdivision of section 3 is no authority from the legislature to the municipal authorities of a town to drain lands, or construct drains and ditches for the general benefit of the town or the owners of lands. The power to do this is granted in a different way under the drainage acts, and is not conferred on the town meeting. The power conferred by the Road and Bridge act on commissioners of highways to open a passage for waters to pass from the highway to any natural water-course, and to clean up ditches through lands for the purpose of carrying off waters from the highways, is not a grant of power to the

town meeting, and if it should be held that that grant would authorize the deepening and straightening of a natural water-course, still it is not within the power of the town meeting to so act. The levy of a tax for such purpose as that is left solely with the commissioners of highways of the town.

The power not being derived under the first subdivision of section 3 of chapter 139, it must then be considered whether it is derived under the third provision, which recites that the electors present at the annual town meeting shall have power to direct the raising of money by taxation for any other purpose required by law. There is no provision of the statute which confers a power on the town meeting to levy a sum, to be collected as a tax, for the purpose of straightening water-courses or deepening them, and the third provision confers no such power. The injunction was properly granted.

It is alleged, under the assignment of cross-errors, that the injunction should have gone further and prohibited the use of any money collected. The injunction against the extension and collection of the tax because of a want of power in the town meeting to levy the same also prohibited its levy and collection and the right to use the same.

The decree of the circuit court granting the injunction is affirmed.

*Decree affirmed.*