THOMAS C. HAGGARD *et al.* Appellants, *vs.* HARVEY FAY, County Clerk, *et al.* Appellees.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. MUNICIPAL CORPORATIONS—*matter of building town hall must be mentioned in notice of town meeting.* To legalize a vote to build a town hall and to levy a tax therefor it is essential that the notices of the annual town meeting at which the action is to be taken shall state that the question of building a town hall will be brought up at such meeting, and in the absence of legal notice the vote to levy the tax is void.

2. SAME—*what is not a compliance with statute as to notice.* Where, after the town clerk has posted six notices of the annual town meeting and published the notice once, a petition for action on the question of building a town hall is presented, and the clerk

thereupon amends three of the notices by merely writing in the statement that the proposition of building a town hall will be brought up, and publishes the amended notice once, there is no compliance with the law even though the amendment was made and the amended notice was published more than ten days before the meeting, there being no change in the date of the three notices amended nor any change at all in the other three.

3. SAME—*incorporated town has power to levy tax to build a town hall.* Under the provisions of the statute authorizing the question of building a town hall to be voted upon at a town meeting and authorizing the electors to direct the raising of money by taxation for certain specified purposes "and any other purpose required by law," an incorporated town may, by complying with the provisions of law on the subject, levy a tax to build a town hall.

4. INJUNCTION—*equity may enjoin the extension of void tax.* Where a tax to pay for building a town hall is voted at an annual town meeting without legal notice that the question will be brought up at such meeting, the vote, and the tax levy based thereon, are void, and a court of equity has power to enjoin the extension and collection of such tax.

APPEAL from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

HERRICK & HERRICK, for appellants.

W. A. DOSS, C. S. REED, C. W. FIRKE, and ELIM J. HAWBAKER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Piatt county dissolving an injunction and dismissing a bill for want of equity. The injunction restrained the county clerk from extending a certain tax levied for the purpose of constructing a town hall in the town of Blue Ridge, in said county. The decree ordered that an appeal should have the effect of continuing said injunction in force.

March 14, 1911, the town clerk of said town posted notices for the annual town meeting, to be held April 4, in six of the most public places in said town, and also pub-

lished a notice of said meeting in a newspaper in Mansfield, in said town.    March 24 a petition signed by twenty-five electors was filed with the town clerk, requesting that he give notice that the question of buying land and building a town hall for said town would be brought up at the annual town meeting.    The town clerk, after the filing of said petition and more than ten days before the annual town meeting, inserted in three of the notices already posted, a statement with reference to building the town hall, so that those notices, after the insertion, read as follows:

*"Annual Town Meeting.*

"Notice is hereby given to the citizens, legal voters of the town of Blue Ridge, in the county of Piatt and State of Illinois, that the annual town meeting for said town will be held at the town clerk's office in Mansfield, Ill., for district No. 1, and that the miscellaneous business will be transacted at the same place at the hour of 2 P. M., and at F. D. Gillispie's grain office in Harris, Ill., for district No. 2, they will vote for officers in said town on Tuesday, the 4th day of April next, being the first Tuesday in said month, for the following purposes, viz.:   First, to choose a moderator to preside at said meeting;   second, to elect one commissioner of highways;   third, to vote on the proposition, 'Shall the road and property tax be paid in money?'   *Notice is hereby given that the question of purchasing land and building a town hall will be brought before such annual meeting,* and to act upon any additional subjects which may, in pursuance of law, come before said meeting when convened.

"Polls open at seven o'clock A. M., and must close at five o'clock P. M.

"Given under my hand at Mansfield this 14th day of March A. D. 1911.                    F. A. Rock, *Town Clerk."*

The date of these notices was not changed and no other change was made except the amendment, which is shown by the italicized words.    From this record it must be assumed that the other three posted notices remained unchanged;   that the town clerk published the notice, as so changed, March 24, in the same newspaper as before;   that the town meeting for the transaction of miscellaneous business was held at the town clerk's office in Mansfield and was attended by nearly two hundred electors;   that a reso-

lution was adopted to build a town hall for said town of Blue Ridge to cost not to exceed $8000 and for a tax to be levied for that purpose; that there were about four hundred qualified voters in the town, and that a number of them voted in election district No. 2 at Harris, some five miles distant from Mansfield. Appellants claim that the polls at Harris were not closed while the miscellaneous business was being transacted at Mansfield, and that thereby a number of voters were deprived of their vote on the proposition in question.

The first matter to be considered is whether the notice given by the town clerk that the town hall question would be brought up at the meeting was so deficient as to render the tax proposed to be extended for that purpose invalid.

The contention of appellees that as the time and place of holding the annual town meeting was fixed by law no notice was necessary on the question of building a town hall cannot be sustained. The authorities cited to support this contention apply only when the time and place of holding an election, and the officers or subjects to be voted on, are all fixed by law, and do not control when the statute requires, as it does here, that the notice of the election must specify the particular business to be done. The rule is general that where the statute requires the business to be stated in the notice of a town meeting such notice is essential. (2 Dillon on Mun. Corp.—5th ed.—sec. 509.) A vote is void if the conditions precedent to the taking of it are not observed. (1 Cooley on Taxation,—3d ed.—566; see, also, *Stephens* v. *People,* 89 Ill. 337; *Simons* v. *People,* 119 id. 617; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 205 id. 582.) This court has held that in order to invest an annual town meeting with jurisdiction to adopt the proposition to pay the district labor and property road tax in labor it was essential that the petition prescribed in the statute be followed and that the statutory notice thereof be given by the town clerk,

otherwise the tax attempted to be levied at the town meeting for that purpose would be void. (*Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 539.) It has also been held that it is essential to the existence of the power to levy taxes to build a school house that there should have been a vote of the people upon that question, and that if the notice of the election omitted to state or give any information that the question of building a school house was to be voted upon, the levy of taxes based upon such vote was void. *Thatcher* v. *People,* 93 Ill. 240; *Chicago and Alton Railroad Co.* v. *People,* 163 id. 616.

By statute the annual town meeting for the election of town officers and the transaction of business of the town is held on the first Tuesday of April in each year, notice of the time and place of such meeting being given by the town clerk "by posting written or printed notices in three of the most public places in the town, at least ten days prior to the meeting, and if there is a newspaper published in the town, by at least one publication therein, prior to the meeting." (Hurd's Stat. 1911, chap. 139, art. 6, sec. 2, p. 2332.) By the act in relation to town halls, in force July 1, 1905, it is provided that in counties under township organization, whenever it is desired to build a town hall, at least twenty-five electors of such town shall, before the time of giving notice of the annual town meeting, file with the town clerk a request in writing that notice be given that the question of building a town hall will be brought up in such town meeting, and in such case it shall be the duty of the town clerk to include a notice of such request in the notice for such annual town meeting. (Hurd's Stat. 1911, par. 150, p. 2343.) Six notices of the town meeting were posted by the clerk. Three of them were changed so as to include the question of building the town hall. The notices published earlier had no reference to that question. The published and posted notices, as so amended, did not in any way refer to the fact that the

other notices had been different, and the date remained the same in all the notices. The purpose of the notices was to give to all qualified electors knowledge that this question was coming up at the town meeting. The original notice as first posted and published was not clear as to the place where the meeting for the transaction of the miscellaneous business of the town was to be held. It might well be argued that the notice required such business to be transacted at both polling places. The effect of the notices after the partial change was even more apt to be confusing and misleading. In view of the condition of this record we think it is fair to assume that some voters may have remained away from the town meeting who would have been present and voted had the notices of this question of building a town hall been properly posted and published by the clerk. We are compelled to hold that the notices did not comply in essential particulars with the provisions of the statute, and in effect, therefore, no legal notice was given. We do not hold that had a mistake been made in the original notices it could not be corrected if the legal notices had been posted and published as required by law.

The further contention is made that appellants have a complete and adequate remedy at law and therefore a court of equity will not take jurisdiction. An injunction will lie against the extension of a tax because of the illegality of the levy or want of power in the municipality to make such a levy. (*Town of Drummer* v. *Cox,* 165 Ill. 648; *Knopf* v. *First Nat. Bank,* 173 id. 331; *Drainage Comrs.* v. *Kinney,* 233 id. 67.) The want of a valid notice goes to the very existence of the power to levy the tax, and hence the levy was not merely irregular but void. Equity rightly assumed jurisdiction.

Several other questions have been argued in the briefs, but as the case must be reversed it is only necessary to consider one other point. Appellants insist that as municipal corporations or local governmental subdivisions of the State

have no inherent power to levy taxes and as the grant of power to a township to levy taxes must be strictly construed, (*People* v. *Lake Erie and Western Railroad Co.* 248 Ill. 32,) therefore the legislature has not granted the power to the township authorities of an incorporated town to levy a tax at an annual town meeting to build a town hall; while the appellees insist that the township has such power under paragraph 150, heretofore referred to, authorizing twenty-five electors to petition for the building of a town hall, taken in connection with that part of section 3 of article 4 of said chapter 139 which provides that the electors present at the annual town meeting shall have power to direct the raising of money, by taxation, for certain specified purposes, and also "for any other purpose required by law." (Hurd's Stat. 1911, p. 2330.) The statute authorizes the levying of taxes to carry on the business of the town. It may well be that a town hall, to be used for public purposes connected with the affairs and government of the town, is necessary. We think the statutes in question, fairly construed, authorize an incorporated town, if the provisions of the statutes are properly complied with, to levy a tax to build a town hall. See *Greeley* v. *People*, 60 Ill. 19; *Bell* v. *City of Platteville*, 71 Wis. 139; *State* v. *Hart*, 33 L. R. A. (Ind.) 118, and note; 28 Am. & Eng. Ency. of Law, (2d ed.) 304, and authorities cited.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to perpetually enjoin the extension and collection of the tax for the building of a town hall in said town, so far as based on the levy in question, as prayed for in said bill.

*Reversed and remanded, with directions.*