THE PEOPLE *ex rel.* Jesse Grissom, County Collector, Appellee, *vs.* WILLIAM W. GRAY *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. SPECIAL TAXATION—*section 8 of the Sidewalk act construed.* Section 8 of the Sidewalk act, added by the amendment of 1907, which authorizes a new ordinance and new tax for a sidewalk already constructed, and which provides that no special tax shall be held void because levied "for work already done under a prior ordinance," etc., refers to a prior ordinance passed under such act and not to one passed under the Local Improvement act.

2. SAME—*second ordinance must show that the tax is for work already done.* The second ordinance authorized to be passed by section 8 of the Sidewalk act, as amended in 1907, must set out enough of the history of the improvement to show that such ordinance was passed for the purpose of paying for work already done in good faith under a prior ordinance which was insufficient.

APPEAL from the County Court of White county; the Hon. JULIUS C. KERN, Judge, presiding.

CONGER, PEARCE & CONGER, for appellants.

ALFRED M. KERSHAW, and NOAH C. BAINUM, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county treasurer of White county made application in the county court of that county for the sale of certain lots owned by appellants, for taxes for a concrete sidewalk built in front of said lots under a special tax ordinance. Judgment was entered upon said application, and this appeal followed.

The matter was heard in the court below on a stipulation of facts. It appears therefrom that in August, 1908, the city council of the city of Grayville passed an ordinance under the Local Improvement act of 1897, providing for the building of a sidewalk in front of this property, to be

paid for by special tax. Under this ordinance the grade of the sidewalk was not fixed, and its location, so far as the ordinance specified, could be anywhere in front of the two lots, between the lot line and the center of the street. Thereafter the city built the sidewalk in front of the property at a grade determined by its officials and on a line parallel with the lots, about two feet from the lot line. The taxes were returned delinquent but judgment for sale of the lots was refused by the county court. On September 18, 1911, an ordinance was passed by the city council of the city of Grayville under the special Sidewalk act of 1875, (Hurd's Stat. 1911, p. 340,) providing for the building of a concrete sidewalk in front of said two lots, identical in construction, material, location and grade with the one already built by the city. Nothing in the wording of this last ordinance showed that the walk had already been constructed. On the contrary, the entire ordinance indicated that the walk was still to be constructed. The first sentence of the first section provided "that a concrete sidewalk be constructed," etc. The first sentence of the third section provided that "said sidewalk shall be constructed under the supervision," etc. The fourth section provided that the "sidewalk shall be constructed by the several owners of property abutting, * * * within thirty days after the mailing of notice of the passage of this ordinance," etc. The stipulation of facts shows that no notice was, in fact, sent under section 4 to the property owners, and that this application was made to sell because of the failure of appellants to pay the special tax for the building of said sidewalk under this second ordinance.

This court has held that under the special Sidewalk act as originally enacted, in 1875, a special tax cannot be levied and collected to pay for a sidewalk by virtue of an ordinance adopted after the walk has been built. (*Weld v. People,* 149 Ill. 257.) In 1907 section 8 was added, by amendment, to said special Sidewalk act. (Hurd's Stat.

1911, p. 343.) That section reads: "If any special tax for the construction of a sidewalk shall have been prior to the taking effect of this amendment or shall hereafter be annulled ·by the city council or board of trustees or set aside by any court, a new ordinance may be passed and a new tax may be made and returned and the proceedings therefor shall be the same as in the first instance, and all parties in interest shall have like rights and like powers in relation to any subsequent tax as are hereby given in relation to the first tax. No special tax. shall be held void because levied for work already done under a prior ordinance, if it shall appear that such work was done in good faith, by the city, village or town, or under contract duly let and executed, pursuant to an ordinance providing that such sidewalk should be paid for by special tax."

Counsel for appellee insist that the judgment of the court below was properly entered, ordering sale of these lots under the second ordinance, under the provisions of the section just quoted. On this record we cannot yield assent to this contention. Tax laws are to be strictly construed. (*Town of Drummer* v. *Cox*, 165 Ill. 648; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 201 id. 365; 1 Cooley on Taxation,—3d ed.—468.) We think the words in the last sentence of this section, "for work already done under a prior ordinance," refer to a prior ordinance passed under this act and not to an ordinance passed under the Local Improvement act. Furthermore, an ordinance providing for the paying for an improvement under said section 8 should set forth the passage of the prior ordinance; that the second ordinance was passed for the purpose of paying for the work already done under the former ordinance; that the first ordinance was insufficient, and that the work was done under said former ordinance in good faith. No special form as to the wording of the second ordinance is required, but enough must be set out in the ordinance to indicate the general history of

256 — 31

the improvement and that the work has already been done in good faith under a former insufficient ordinance. As has already been stated, this ordinance absolutely failed to set out any of these facts. From its wording every property owner would have a right to assume that the sidewalk was still to be built and that he would have thirty days from the date of notice in which to build it.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections of appellants.

*Reversed and remanded, with directions.*