THE PEOPLE ex rel. P. M. Stubblefield, County Collector, Appellee, vs. DANIEL B. STEWART, Appellant.

*Opinion filed April 23, 1914.*

1. TAXES—*when a notice for hard road tax election is invalid.* A notice calling for a vote for or against the proposition to levy a hard road tax is invalid where it contains the word "per cent" in place of the word "cents."·

2. SAME—*when error in notices for vote upon hard road tax may be corrected.* An error in notices for a vote upon the proposition to construct a hard road may be corrected by destroying the old notices and posting new ones with new dates, where sufficient time remains to give the full statutory notice. (*Haggard* v. *Fay*, 255 Ill. 85, distinguished.)

3. APPEALS AND ERRORS—*when court's finding will not be disturbed.* Where the trial court, in a proceeding to sell land for delinquent taxes, has decided the case on questions of fact depending upon the oral testimony of the witnesses, the Supreme Court will not disturb the finding unless it is palpably against the weight of the evidence.

APPEAL from the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding.

CHARLES L. CAPEN, for appellant.

MILES K. YOUNG, State's Attorney, (W. B. LEACH, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of McLean county for special taxes of 1912 for a hard road, levied against the land of the appellant, Daniel B. Stewart. The objection filed by appellant to the judgment is that the notices of election calling for a vote upon the hard road in question were invalid and insufficient. A trial was had upon this objection and evidence heard. Four witnesses testified on behalf of the objector that the notices for the election as originally posted called for a vote to be taken

at the town meeting in April, 1912, for or against levying a tax rate of twenty-five per cent for five years on each $100 of assessed valuation of all taxable property for the purpose of constructing and maintaining a gravel and rock road to be located, etc. These witnesses also testified generally, that they first saw that some of these notices had been changed between the Friday and Sunday previous to the election, so that they read twenty-five cents for five years on each $100, etc. The town clerk testified that he prepared and posted the original notices of the annual town meeting to be held on the second day of April, 1912; that he wrote these notices on Sunday, the 17th of March, and dated them March 18, and posted them the same day,—one at the post-office, one at the town hall and the other at the Farmers' grain office in the village of Anchor, in Anchor township, in said county. There is no question but that the original notices were wrong in calling for a vote on the proposition of levying twenty-five per cent on each $100 of assessed valuation of taxable property, and this is the only defect in the notices complained of. Had the notices contained the word "cents" in place of the words "per cent" they would have been valid. The town clerk further testified that three or four days after he had posted these notices one Nafziger came to him and said there was a mistake in the rate per cent; that he (the witness) went and looked at the notice posted at the town hall; that he did not know whether it was legal to change the notices; that he went to town the next day and saw Judge Hall and State's Attorney Bach; that the State's attorney advised him that it would be all right to change them; that pursuant to said advice he wrote other notices on the 22d and dated and posted them that day, one at the post-office, one at the town hall and one at the grain office, and that he took down the originals and destroyed them.

At the close of the trial counsel for appellant submitted six propositions of law, four of which were held by

the court and two were refused. The two refused were as follows:

1. "Even if the court finds the evidence of the town clerk true, yet if notices subsequent to the original ones were posted, inasmuch as the subsequent notices did not in any way refer to the fact that original ones were different, and bore the same date, so as easily to mislead the voters, these subsequent notices were invalid and the tax levied was illegal and void.

2. "Even if the court believes that subsequent notices were posted by the town clerk, yet such notices, under the evidence, were invalid and did not comply with the requirements of the statute in that behalf."

The court overruled the objections and entered judgment for the tax. Appellant has brought this appeal to review the decision of the county court, and contends that the judgment of the county court is contrary to law and the evidence, and that the court erred in not holding the two propositions of law above referred to.

It will be seen that the principal question arising on this record is a question of fact. The law requires that notice of the time and place of holding the town meeting shall be given by the town clerk by posting written or printed notices in three of the most public places in the town at least ten days prior to the meeting, etc. (Hurd's Stat. 1911, par. 52, chap. 139.) Section 1 of the Hard Roads act provides that on petition to the town clerk he shall, when giving notice of the time and place for holding the next annual town meeting, also give notice that a vote will be taken for or against levying a tax not to exceed one dollar on each $100 assessed valuation of all the taxable property in the township for the purpose of constructing gravel roads, and "said petition shall state the location and route of the proposed road or roads, and shall also state the rate per cent, not exceeding one dollar on each $100, and the number of years, not exceeding five, for which such tax shall be lev-

ied." (Hurd's Stat. 1911, p. 2036.) The town clerk testi-
fied that he had posted such notices in compliance with the
law, while several witnesses testified to the contrary. We
have examined the evidence as contained in the abstract
and the record, and we cannot see that the evidence of
these witnesses is sufficient to overcome the testimony of
the town clerk, or that the evidence so greatly prepon-
derates in favor of the objector that the judgment of the
court below should be reversed on that ground. The town
clerk testifies positively as to the date when and places where
he posted the proper notices. None of the witnesses for
the objector testified with the same particularity as to when
all of these notices were posted or when the original notices
which were defective were posted. Some of them refer to
the notice posted at the grain office, some to the one at the
town hall and some to the one at the post-office as having
been changed, and also refer to a notice posted in a barber
shop, which the town clerk says he did not post. The wit-
nesses also testify that they first noticed on Sunday preced-
ing the election that the change had been made, and that
the change had been made between then and the Friday pre-
ceding. The town clerk testified that he dated and posted
the new notices on March 22, and they bear this date,
which was Friday, and the witnesses for the objector may
have first noticed this change the following Sunday, and
when they testified more than a year later may have made
a mistake as to the week in which the new notices were
posted. We have held that when the court below, who saw
and heard the witnesses, has decided a case on questions
of fact, we will not disturb such finding unless we can
say that it is palpably against the weight of the evidence.
(*Topliff* v. *City of Chicago,* 196 Ill. 215; *City of Chicago*
v. *Marsh,* 238 id. 254.) Moreover, the town clerk swears
that he prepared and posted the new notices (those of
March 22) pursuant to the advice of State's Attorney Bach,
and that official undoubtedly correctly advised him as he

did, because at that time he still had more than ten days before the election to post the notices thereof. Conceding that the proper notice is jurisdictional, we see no reason, where an error in the notice as in this case is made, why such error could not be corrected by destroying the old notices and posting proper lawful notices if sufficient time remained, and this was done.

In the case of *Haggard* v. *Fay,* 255 Ill. 85, relied on by the objector, the town clerk posted six notices of the annual town meeting and published the notice once. Afterwards a petition for a vote on the question of building a town hall was presented. The clerk amended three of the notices by merely writing in the statement that the proposition of building a town hall would be brought up, without changing the dates of the notices, and published the amended notice once. This court held that this was not a compliance with the law even though the amendment was made and the amended notice published more than ten days before the meeting, there being no change in the date of the three notices amended nor any change at all in the other three. In such case the voters may have been misled by reading one of the notices that had not been changed and so would not have gone to the election, not knowing that the proposition contained in the amended notice was to be voted on. The court said, on page 90 of the opinion: "We do not hold that had a mistake been made in the original notices it could not be corrected if the legal notices had been posted and published as required by law." The circumstances in that case were entirely different from the one in the case at bar, as the notices were conflicting and failed of their purpose, which was to give the electors notice as to the questions that would come up at the town meeting. In the case at bar, however, if the testimony of the town clerk is to be believed,—and for the reasons given we think his testimony is to be relied upon,—the original notices were taken down and new notices were posted within the

time. We think, under the circumstances, that the notices were sufficient and that the court properly held upon the propositions of law.

Perceiving no error sufficient to justify a reversal, the judgment of the county court will be affirmed.

*Judgment affirmed.*