The People of the State of Illinois, on the relation of William Davenport, appellants, *vs.* Welcome B. Brown, Judge, William E. Buckingham and William C. Poynter, Associate Justices, and Edgar Babcock, Clerk of the County Court of Woodford County, appellees.

### *Appeal from Woodford.*

The right of a county to adopt township organization, under the provision of our constitution, is expressly made to depend upon an affirmative vote of a majority of all the citizens within the county, entitled to vote on the question.

The Legislature does not possess the power to provide any other mode of township organization, than under and by virtue of the sixth section of the seventh article of the constitution.

The power of the County Court over the business of a county, continues until the township organization is adopted, by an affirmative vote of a majority of all the legal voters of a county.

The law of the twelfth of February, 1849, is in full force in such counties as have adopted the township organization, by a majority of all the legal voters of the counties.

That portion of the fourth section of the township law, which is inconsistent with the constitution, may be disregarded, without invalidating the whole law.

This was a petition for a peremptory mandamus, filed by the appellants, to the end that the county judge of Woodford county, and his associate justices and their clerk, might be commanded

to make and transmit an abstract of the votes, &c., of that county, to the Auditor of state, and that notices, &c., be given, designating a suitable time and place for holding an election in each of the towns of said county, for the purpose of organizing the same, &c.

The appellees, on showing cause, denied that a majority of the votes of those entitled to vote upon the question, had been cast for township organization. That at the general election at which the votes upon the question were given, upwards of six hundred legal votes were cast, and that only one hundred and fifty-three of the number were for township organization.

Upon a hearing of the parties, the Court, Davis, Judge, presiding, denied the petition; thereupon the relator prayed this appeal. Other questions were raised by the petition and answer, but as they were not considered in the opinion, reference will not be made to them. The error assigned was, the judgment of the Court dismissing the petition.

O. PETERS, for appellants.

N. H. PURPLE, for appellees.

Opinion by TREAT, C. J.:

The sixth section of the seventh article of the constitution declares, that " The General Assembly shall provide, by a general law, for a township organization, under which any county may organize, whenever a majority of the voters of such county, at any general election, shall so determine; and whenever any county shall adopt a township organization, so much of this constitution as provides for the management of the fiscal concerns of the said county by the County Court, may be dispensed with ; and the affairs of said county may be transacted in such manner as the General Assembly may provide."

On the 12th of February, 1849, the Legislature passed a law, entitled "An act to provide for township and county organization, under which any county may organize whenever a majority of voters of such county, at any general election, shall so determine." The first section of the act provides, " that at the next general election to be held in the several counties in this state, the qualified voters of each county may vote for or against

township organization in their respective counties." The fourth section declares, that "if it shall appear by the returns of said election that a majority of all the votes cast for or against township organization is for the township organization, the county so voting in favor of its adoption shall be governed by and subject to the provisions of this act, on and after the first Tuesday in April, 1850."

At the ensuing general election, in the county of Woodford, one hundred and fifty-three votes were given for, and one hundred and seven votes against township organization, while more than six hundred votes were cast in the county.

The question arises on this state of case, whether the township organization was legally adopted by the people of that county. The section of the constitution before recited is free from all doubt or uncertainty. The language is clear and explicit, and admits of but one meaning. It does not mean a majority of those voting on the question to be submitted, but a majority of all the legal voters of the county. The right of a county to organize, under a law to be passed in pursuance of this provision of the constitution, is made expressly to depend upon an affirmative vote of a majority of all the citizens of the county entitled to vote on the question. But one-fourth of the voters of Woodford county cast their suffrages in favor of township organization. It is clear, therefore, that the township law has not been legally adopted in that county.

The fourth section of the township law, in terms, only requires an affirmative vote of a majority of those voting on the question. This provision, not being as broad as the requirement of the constitution, cannot for a moment be sustained, if the validity of the law is to depend on its being in accordance with the constitution. If such be the case, an affirmative vote of a majority of the legal voters of a county is absolutely necessary, in order to give any vitality to the township law in respect to such county.

But it is insisted that the Legislature had full power to enact the law in question, independent of the provisions of the constitution. It is said that this section of the constitution is mandatory to the Legislature to enact a particular law, and submit it to the people of each county for adoption or rejection, and is not in exclusion of the power of the Legislature to pass any other

law upon the same subject matter. It would seem to be very apparent from the peculiar title of the act, and the fact of the submission of the question of township organization to the people of each county, that the Legislature designed to act in obedience to this provision of the constitution. But, be that as it may, we will proceed to inquire whether the Legislature possesses any authority to provide any other mode of township organization, than under and by virtue of this section of the constitution. A state constitution is not considered as a grant of powers to the Legislature, but rather as a limitation upon its powers. As a general principle, a Legislature may lawfully exercise all powers that are not expressly or by necessary implication forbidden by the constitution of the state, or inhibited by the constitution of the United States. Are there any restrictions in our constitution in the way of the exercise of the powers claimed for the Legislature? A bare reference to some of the provisions of the constitution will only be necessary for a satisfactory solution of this question. The second article of the constitution is as follows: " The powers of the government of the state of Illinois shall be divided into three distinct departments, and each of them be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another. No person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted; and all acts in contravention of this section shall be void." The first section of the fifth article provides, that " The judicial power of this state shall be and is hereby vested in one Supreme Court, in Circuit Courts, in County Courts, and in justices of the peace;" and the nineteenth section of the same article declares, that " The county judge, with such justices of the peace in each county as may be designated by law, shall hold terms for the transaction of county business, and shall perform such other duties as the General Assembly shall prescribe."

In the distribution of powers among the different departments of the government, the jurisdiction over the county business is vested in the County Court. The Court is created and its jurisdiction conferred by the constitution. The jurisdiction cannot be taken away from the Court, nor transferred to any other

tribunal, except in the mode prescribed by the constitution. The fifteenth and sixteenth articles of the township law confer on the board of supervisors, to be chosen from the several towns in a county, all of the powers and jurisdiction over the business concerns of the county, which were previously vested in and exercised by the County Court. The latter Court, established by the constitution for the purpose of transacting the county business, is superseded by the provisions of this law, and ceases, for such purpose, to have any further existence. The leading object of the township organization is to place these powers under the control and direction of another tribunal.

By a recurrence to the provisions of the sixth section of the seventh article of the constitution, it will be seen, that the constitution, after creating the County Court and confiding to it the management of the county business, has prescribed the mode in which that jurisdiction may be divested. The jurisdiction may be dispensed with and conferred on such other tribunal as the Legislature may direct, whenever the township organization contemplated by the constitution shall be adopted. But until such an organization is effected, the jurisdiction over the business affairs of the county remains in the County Court, and cannot be lawfully exercised by any other tribunal. It can no more be assumed by the Legislature and transferred to a different tribunal, than can the powers properly belonging to the Legislature be assumed and exercised by the executive or judicial departments of the government. The power of the County Court over the business of a county continues until the township organization is adopted by an affirmative vote of a majority of all the legal voters of the county. Such a vote is, by the constitution, made a condition precedent to the divesting of the jurisdiction of the County Court, and the exercise of any power by the Legislature to vest that jurisdiction in the board of supervisors of a county, or the local authorities of the town. As respects the county of Woodford, the contingency has not happened. Its County Court is not divested of jurisdiction. The township law has no operation within its limits.

It is the opinion of the Court, that the Legislature cannot constitutionally pass any law providing for a township organization, that will operate to change or affect the jurisdiction of the

County Court over county business, until the law has been submitted to the people, and adopted by an affirmative vote of a majority of all the legal voters of a county.

It is also the opinion of the Court, that the law of the 12th of February, 1849, is in full force in such counties as have adopted the township organization by a majority of their legal voters. That portion of the fourth section of the township law which is inconsistent with the constitution, may be entirely disregarded, without invalidating the whole law.

The judgment of the Circuit Court is affirmed, with costs, against the relator.

*Judgment affirmed.*