## B. F. PARKS *et al.*

### *v.*

## WILLIAM H. MILLER, Treasurer of Kane County.

1. COUNTY COURTS—*powers of to transact county business in counties adopting "township organization"—terms of—the judge alone may act without associate justices of the peace.* In counties adopting "township organization," there is a June term of the county court of such counties, legally constituted, for county business, to be held on the first Monday of that month.

2. SAME. And such court can, as a court for county business, enter judgment for taxes, and convene the court for such purpose, and this, without the presence of two justices of the peace, or without notice to them.

3. SAME. The power to entertain such an application to sell delinquent lands for taxes, by the judge alone, without the aid of two justices of the peace, is expressly provided for by section 2, of art. 25, of the General Township Organization act.

4. TAXES—*concerning acts of collector—notice of application for judgment—need not specify a particular day of the term.* To give the court jurisdiction to render judgment it is not necessary that the collector's notice of application for

judgment should specify the first day of the term of court to which application is made.

5. SAME—*collector may himself designate the term at which he will make application for judgment.* And by authority of section 26 of the act of Feb. 12, 1853, a discretion is given the collector to select the term of court at which he will make application for judgment.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was originally an application by the appellee, William H. Miller, as treasurer of Kane county, to the county court for judgment against certain delinquent lands for the unpaid taxes of 1865. Judgment was entered in the county court, from which an appeal was taken to the circuit court of Kane county, where the judgment was affirmed, to reverse which, the case is brought to this court by appeal, upon an agreed statement of facts. The opinion states the case sufficiently.

Mr. B. F. PARKS and Mr. J. D. DUNNING, *pro sese.*

Mr. R. N. BOTSFORD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It is admitted by these parties that the county of Kane has been acting under township organization since the passage of the first act of the general assembly authorizing such organization.

It is settled by this court, that such organization transferred the ordinary county business from the county court to the board of supervisors; at least, such is the effect of the reasoning and decision in the case of *The People* v. *Brown,* 11 Ill. 478.

The question is presented, is there, in such counties, a term of the county court for county business on the first Monday

of June of each year? and can the county court, as a court for county business, legally enter judgment for taxes and convene the court for such purpose without the presence of associate justices of the peace, or without notice to them?

The appellee holds the affirmative of these questions, appellants the negative; and they can be decided only by a reference to the acts of the general assembly on the subject.

County courts were established in pursuance of the provision of the constitution by the act of February 12, 1849, section 5 of which provides that those courts shall sit for the transaction of business on the first Mondays of every month, except the months of December, March, June and September, and shall sit on the third Mondays of those months; and by section 15 it is provided that the county judge and the two justices of the peace, on the third Mondays of those months, shall sit for the transaction of county business.   Scates' Comp. 309.

This act, on the 15th of February, 1855, was amended as follows: In all counties in this State which have adopted, or shall hereafter adopt "township organization," the December, March, June and September terms of the county court shall commence on the first Mondays of said months respectively. ibid, 315.

By an act approved February 21, 1859, (sess. laws, 95, sec. 11), the terms of the county courts for the transaction of *probate* business were required to be held on the third Mondays of each month, instead of the first Mondays.

By section 13 of the revenue law of February 13, 1853, it is provided that the county courts of the several counties in this State shall have original jurisdiction of suits for taxes due on real property, whether such courts be sitting for the transaction of county or probate business.   Scates' Comp. 1070.

There is seen, from this legislation, the recognition of two courts, called county courts, since the passage of the first township organization law, one for probate business and one for the

transaction of the general business of the county as a political organization. The township organization law was passed on the 17th of February, 1851, and by section 2, of article 25, it is provided that the county judge, sitting as a county court without associates, in counties acting under township organization, shall have the same jurisdiction of suits brought by collectors of taxes on delinquent lands and town lots, as the county courts have, under existing laws, and all acts of county courts heretofore done, in suits for taxes on delinquent lands and town lots were thereby legalized.

This is the legislation upon the subject, and it seems clear from it there was a June term of the county court of Kane county, legally constituted, to be held on the first Monday of that month.

The other question is answered in the affirmative by section 2 of article 25 of the township organization law, which we have quoted.

Another point is made as to the collector's notice that he would apply for judgment. It is as follows, and appended to the list of lands and town lots :

STATE OF ILLINOIS, ⎰ ss.
    Kane County.    ⎱

                I, William H. Miller, Treasurer of the County of Kane, aforesaid, do hereby give notice, that I shall apply to the County Court of Kane County at the term thereof to be holden at the Court House in Geneva, in said County of Kane, on the first Monday of June next, for judgment against the above described lands and town lots, for the taxes, interest and costs due thereon for the year A. D. 1865, and also for an order to sell the said lands and lots for the satisfaction thereof, and that on the first Monday, next succeeding the day fixed by law for the commencement of said term of said Court, all the lands and town lots for the sale of which an order shall be made, will be exposed to public sale, at the Court House in

Geneva, in said County of Kane, being the place of holding said Court, for the amount of said taxes, interest and costs due thereon; said sale will commence at ten o'clock in the forenoon, and be kept open from day to day until all the lands and lots are disposed of. Thirteen cents costs on each tract, and six cents on each town lot, are now due, and unless said taxes are paid five days before the commencement of said Court, six cents additional costs will be taxed on each tract of land, and six cents on each town lot, and unless paid before the sale, the whole cost on each tract of land contained in the foregoing list will be fifty-nine cents, and on each town lot forty-six cents.

Geneva, April 20th, 1866.

We are referred by appellants' counsel to section 22 of the act establishing county courts, wherein it is declared that in all suits and proceedings whatever, originating in the county court, the process and service thereof shall be the same as if the proceeding originated in the circuit court, as near as circumstances will permit, Scates' Comp. 311, as the provision of law governing this case; and, as in the circuit court, process is required to be made returnable to the first day of the term, and this notice being in the nature of process, and returnable to the June term generally, without specifying the first day, is void, and gave the court no jurisdiction of the person of appellants.

We do not think the analogy is perfect. This proceeding is rather a proceeding *in rem* against the land, in which personal service of process is not required. In personal actions, a necessity exists that the defendants therein should have personal notice, and the law has said that notice should be served ten days before the commencement of the court, hence the requirement that the process should be returnable on the first day of the term.

The proceeding in question is more analagous to an application by an administrator to the court to sell land to pay

debts. That is a proceeding rather *in rem* than in *personam*, as the judgment of the court thereon in no way affects the person. The statute on that subject requires that three weeks' previous notice shall be given of the time when the petition will be presented, six weeks before the day the petition would be presented, and this court held, that three weeks' notice, the last of which fell on the fourth day of the term, if six weeks had elapsed before that day, was sufficient, the notice not being process to be returned on the first day of the term. *Madden* v. *Cooper*, 47 Ill. 359.

Besides, by the 7th section of the act of November 6, 1849, amending the general revenue act of 1847, the advertisement for the sale of delinquent lands was required to be made on, or before the seventh day of May, and the sale to be made on the second Monday in June, annually, which would require the judgment to be entered the week preceding, as a term of the court was required to be held on the first Monday of the month. By the act of February 12, 1853, sec. 26, a discretion was given to the collector to designate the term of court at which he would make application.

Subsequently, in February, 1855, the legislature provided, that thereafter delinquent lands should be sold on the second Monday of May, or as soon thereafter as practicable. This act repeals several sections of the act of 1853, but does not repeal the 26th section, and it does not provide when the collector shall apply for judgment; consequently, he has the right, by sec. 26, to select, himself, the term at which he will make the application.

It is objected by appellants, that the legislature had no power to authorize the county judge, alone, to hold a court for the transaction of county business, the constitution having provided that two justices of the peace should be associated with him for such purpose. This is undoubtedly the true sense and meaning of section 19 of article 5 of the constitution, but it is followed up by the fourth provision in section 6

of article 6, authorizing township organization, in which it is expressly declared, whenever any county shall adopt such organization, so much of the constitution as provides for the management of the fiscal concerns of the county by the county court may be dispensed with, and the affairs of the county may be transacted in such manner as the general assembly may provide. Kane county had adopted township organization, which, according to *The People* v. *Brown, supra,* the board of supervisors took the place of the county court; but by this clause of the constitution providing for township organization, power was vested in the general assembly to provide any mode by them deemed proper for the management of the affairs of a county. Now, admitting this application to sell delinquent lands for the payment of State and county taxes, was strictly a county affair, which it was not, the legislature had provided, as they had the power to do, by section 2 of article 25 of the general township organization act, that the county judge, alone, without the aid of two justices of the peace, might entertain such an application, and therein we perceive no departure from the constitution. If such application was not strictly an affair relating to the fiscal concerns of the county, then the legislature had, under its general powers, authority to select the forum to which such an application should be made and heard and determined.

Taking, then, the provisions of the constitution and the acts of the general assembly on this subject, together, we see nothing in the latter repugnant to any provision of the former, but in harmony therewith, and consequently we affirm the judgment of the circuit court.

*Judgment affirmed.*