THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* JOHN W. SHANK, County Treasurer and Collector of Edgar County,

*v.*

BENJAMIN O. NICHOLS.

1. JUDGMENT FOR TAXES—*at what time it may be applied for.* In counties adopting township organization, application for judgment against delinquent lands and for an order of sale, may be made to the county court at the July term. The collector is not compelled to make it at the May term.

2. ASSESSMENT ROLLS—*power of supervisors over them.* The only power the board of supervisors have over the assessment rolls is, to ascertain if the valuation in one town or district, bears a just relation to all the towns and districts in the county, and if it does not, the statute authorizes the board to increase or diminish the aggregate valuation of the real estate in any town or district, by adding or deducting such sum upon the hundred as may, in their opinion, be necessary to produce such relation.

3. EQUALIZING ASSESSMENTS. And in order to effect this just relation, the board must include unimproved as well as improved lands.

4. JUDGMENT FOR TAXES—*where a portion of the assessment is illegal.* Where a portion of an assessment is illegal, but the tax is so levied that the legal can be separated from the illegal, judgment may be rendered for the taxes legally assessed.

5. So, where a board of supervisors, in equalizing the assessments in the county, increased the valuation of improved lands in one of the townships,

without at the same time increasing the valuation of the unimproved lands in the same township, so that the order of the board of supervisors in that regard was illegal and void, on an application for a judgment against the lands for unpaid taxes, a judgment could be rendered for an amount according to the assessment as it stood before the same was increased by the board of supervisors, and for a sum less than that named in the collector's notice.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was a proceeding commenced in the county court of Edgar county, by John W. Shank, county treasurer and collector, at the July term, 1868, to procure a judgment and an order of sale of the delinquent lands in said county.

The defendant appeared by attorney, and resisted the application. The county court rendered judgment against the lands for the amount due, based upon the assessment made by the township assessor, and refused to render judgment for the amount due according to the increased valuation made by the board of supervisors. An appeal was prosecuted to the circuit court of Edgar county, and the court there found for the defendant, and dismissed the application; whereupon the plaintiff appealed to this court.

Mr JAMES A. EADS, for the appellant.

Mr. JOHN W. BLACKBURN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Three questions are presented by the record, which are,—

1st. Had the treasurer and collector the right to make his application to the court for judgment and order of sale at the July term, 1868, or was he compelled to make it at the May term of said court?

2d. Had the board of supervisors, in equalizing the assessments, the right to increase the valuation of improved lands

in Shiloh township, without at the same time increasing the valuation of the unimproved lands in said township?

3d. If the court should find the application could be properly made at the July term, 1868, and that the order of the board of supervisors increasing the valuation of improved lands was illegal and void, then could the circuit court render a judgment against the said lands for a less amount than the sum named in the treasurer and collector's notice, the treasurer and collector having offered on the trial to take a judgment for the amount according to the assessment as it stood before the same was increased by the said order of the said board of supervisors?

It has been held by this court in several cases, *Parks et al.* v. *Miller*, 48 Ill. 360; *Stillwell* v. *The People, ante*, 45, that the application for judgment and for an order of sale can be made at the July term, and that the collector is not compelled to make it at the May term. The first question is answered in the affirmative.

The second question is answered in the negative. The only power the board has over the assessment rolls, is to ascertain if the valuation in one town or district bears a just relation to all the towns and districts in the county; if it does not, the board can increase or diminish the aggregate valuation of the real estate in any town or district, by adding or deducting such sum upon the hundred as may, in their opinion, be necessary to produce this just relation between all the valuations of real estate in the county. Laws of 1861. sec. 15, p. 243. This, of course, would include unimproved as well as improved lands. They must be included to effect this just relation.

The third question must be answered in the affirmative, according to repeated rulings of this court. *The State* v. *Allen*, 43 Ill. 456; *Allen* v. *Peoria & Bureau Valley R. R. Co.*, 44 ib. 85, and *Laflin* v. *The City of Chicago*, 48 ib. 449. These cases hold, where a tax is so levied that the legal can

be separated from the illegal, judgment may be rendered for the taxes legally assessed.

Though the proceeding is *in rem*, it must not be so strictly construed as to render it wholly nugatory. It is both reasonable and just, a judgment should pass against the property for all such taxes as are legally assessed upon it.

This point has been so often decided that it is unnecessary to elaborate it.

The judgment of the circuit court is reversed, and the cause remanded.

*Judgment reversed.*