The Cincinnati, Indianapolis and Western Ry. Co.

*v.*

The People *ex rel.* Edward R. Moffett, County Treasurer.

*Opinion filed December 22, 1904.*

1. Taxes—*extent to which amendments may be allowed.* Under section 191 of the Revenue act, permitting amendments to be made in judicial proceedings for the collection of taxes, it is not error to permit the record of the meeting of the highway commissioners to be so amended as to state the true action taken at the meeting, as evidenced by a writing executed by them and filed in the town clerk's office, and which remained on file as a part of the records of his office at the time of the trial.

2. Same—*when certificate of levy may be amended.* After the record of the meeting of highway commissioners has been amended so as to show the true action taken by the commissioners at the meeting, it is not error to permit the certificate of levy of road and bridge taxes to be amended so as to correspond with the amended record.

3. Same—*the certificate of levy of road and bridge tax need not specify various amounts to be raised.* Section 119 of the Road and Bridge act does not require that the highway commissioners' certificate of levy of road and bridge taxes shall state the specific amounts necessary for each particular purpose for which the tax is to be raised. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 Ill. 566, overruled.)

4. Same—*when certificate of levy of road and bridge tax is sufficient.* A certificate of levy of road and bridge taxes by the highway commissioners is sufficient, under section 119 of the Road and Bridge act, if it discloses the total amount necessary to be raised, either in dollars and cents or by a fixed percentum upon $100 of taxable property.

5. Same—*what does not relieve a tax-payer from the payment of taxes.* The fact that other tax-payers have paid the full amounts assessed against their property at an illegal rate without objection does not entitle an objecting tax-payer to have the amount so collected in excess of the legal rate applied toward the discharge of the taxes assessed against his property at the legal rate.

6. Same—*right of court to give judgment for part of tax.* Where a road and bridge tax is levied at an illegal rate of sixty cents on the $100 instead of at the legal rate of forty cents, the court, after eliminating the excessive levy of twenty cents on the $100, may render judgment for the remainder of the tax.

Appeal from the County Court of Macon county; the Hon. O. W. Smith, Judge, presiding.

George W. Fisher, for appellant.

W. E. Redmon, State's Attorney, and E. S. McDonald, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an application in the county court of Macon county for judgment against the property of appellant for $281.16 delinquent road and bridge tax in Long Creek township, in said county, for the year 1902. The appellant appeared and filed objections to the rendition of judgment against its property, which were overruled, and judgment of sale having been rendered, it prosecuted an appeal to this court, where the judgment of the county court was reversed on the ground that the tax was for sixty cents on the $100 of the assessed value of the taxable property of the township, when the highway commissioners had no power, under the facts disclosed by the record, to levy a tax of more than forty cents on the $100 of said assessed valuation, (205 Ill. 538,) and the case was remanded to the county court. Upon the case being re-instated the appellant again filed objections to said tax, which were sustained as to the portion thereof in excess of forty cents on the $100 and judgment was rendered for $187.44, being the amount of the tax remaining after deducting the excess over forty cents on the $100, and the railway company has again appealed.

The township of Long Creek is under the labor system, and the tax for which judgment was rendered was levied under the provisions of section 119 of chapter 121 of the Revised Statutes, entitled "Roads and Bridges," (Hurd's Stat. 1903, p. 1605,) which, in part, reads as follows: "The highway commissioners of each town shall, annually, ascertain as near as practicable, how much money must be raised

on real, personal and railroad property, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the purchase of necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, commencing on Tuesday next preceding the annual meeting of the county board in September, which tax shall be extended on the tax books, according to the assessment of the current year; and shall levy a tax on all the real, personal and railroad property in said town, not exceeding forty cents on the $100; and they shall give to the supervisor of the township, and in Cook county to the county board, a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, or the county board of Cook county, who shall cause the same to be submitted to said board for their action at such September meeting of said board."

The record of the meeting of the highway commissioners of Long Creek township held September 2, 1902, at which meeting said road and bridge tax was levied, was as follows:

"LONG CREEK, *Sept. 2, 1902, '78.*

"The Com. met at the town hall on the above date and made their levy, being sixty cents on the one hundred dollars ($100) of assessed value, which was granted by the town board.

R. F. McDONALD,
WM. SHEETS,
C. C. COCHRAN,

W. J. HAYES, *Town Clerk.*          *Comrs. of Highways."*

And the following is a copy of the certificate of levy of the highway commissioners which was presented by the supervisor of the township to the board of supervisors and up-

on which the road and bridge tax for Long Creek township in said year was extended by the county clerk:

"Board of Comrs. of Highways,
*Town of Long Creek, County of Macon, Ill.*

"We do hereby certify that we require the sum of ...... dollars to be raised by a tax on the real, personal and railroad property in the above town, for the making and repairing of bridges, the payment of damages by reason of opening, altering and laying out new roads and ditches, the purchase of the necessary material for building and draining roads and bridges, the pay of overseers of highways for the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, said amount being a levy of sixty cents on each $100 valuation according to the assessment of said town for the current year.

"Given under our hands this second. day of September, 1902.

Wm. Sheets,
C. C. Cochran,
R. F. McDonald,
*Comrs. of Highways.*

Filed September 9, 1902.—J. M. Dodd, *County Clerk.*"

It was conceded by counsel for appellee, upon the hearing, that the record of the proceedings of the highway commissioners did not show a compliance with the provisions of said section 119, in that it failed to show that the highway commissioners had ascertained, as near as practicable, how much money must be raised on real, personal and railroad property, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the purchase of necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by. the commissioners on their treasurer, commencing on Tuesday next preceding the annual meeting of the county board in September, and that the certificate of levy presented to. the board of supervisors by the highway. commissioners was informal, in that it failed to state the amount of road and bridge tax "necessary to be raised" by the township of Long Creek for said year, and he

moved the court that in the presence of the court the town clerk have leave to amend the record of the proceedings of said highway commissioners and that the highway commissioners have leave to amend said certificate of levy to correspond with the facts, and in support of said motions made proof by the town clerk and the highway commissioners that at the meeting of the commissioners of said township on September 2, 1902, the commissioners did ascertain, as near as practicable, how much money must be raised on real, personal and railroad property for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the purchase of necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, commencing on Tuesday next preceding the annual meeting of the county board in September, and reduced said finding to writing and signed the same, or caused the town clerk to sign the same on their behalf, and filed the same with the town clerk, and that the same had remained in his office from the date of said meeting until the time of the hearing in said cause in the county court, which statement was in words and figures as follows:

"STATE OF ILLINOIS, MACON COUNTY,
LONG CREEK, *Sept. 2, 1902.*
"*Board of Commissioners Town of Long Creek:*

"The commissioners of highways of said town of Long Creek having proceeded to ascertain, as near as practicable, how much money must be raised by tax on real, personal and railroad property in said town for the purposes following for the ensuing year, as required by law, have ascertained and determined the same to be as follows, to-wit:

1. For making and repairing of bridges.................$1,500.00
2. For the payment of damages by the reason of opening, altering and laying out new roads and ditches......    400.00
3. For the purpose of necessary tools, implements and machinery for making roads........................    50.00

4. For the purchase of the necessary material for building, repairing and draining roads and bridges.......... 600.00
5. For the pay of overseers of highways for the ensuing year......... ............... .................. 300.00
6. For the payment of all outstanding orders drawn by the commissioners on their treasurer.................. 50.00

Wm. Sheets,<br>
R. F. McDonald,<br>
C. C. Cochran,<br>
<em>Commissioners.</em>"

And that said statement had recently been attached to the page of the record book upon which the record of the proceedings in said meeting was written, and that the highway commissioners, by inadvertence, had omitted from said certificate of levy the amount of road and bridge tax necessary to be raised in said township of Long Creek for the year 1902; whereupon the court, over the objections of appellant, permitted the record of the proceedings of the meeting of said highway commissioners held on the second day of September, 1902, to be amended so as to read as follows:

"Long Creek, <em>Sept. 2, 1902.</em>

"The commissioners of highways of said town of Long Creek having proceeded to ascertain, as near as possible, how much money must be raised by tax on real, personal and railroad property in said town for the purposes following during the ensuing year, as required by law, have ascertained and determined the same to be as follows:

1. For the making and repairing of bridges.............$1,500.00
2. For the payment of damages by reason of repairing, altering and laying out new roads and ditches........ 400.00
3. For the purchase of necessary tools, implements and machinery for making roads..................... 50.00
4. For the purchase of the necessary material for building, repairing and draining roads and bridges........... 600.00
5. For paying of overseers of highways for the ensuing year........ ............... .................... 300.00
6. For the payment of outstanding orders drawn by the commissioners on their treasurer................. 50.00

Wm. Sheets,<br>
R. F. McDonald,<br>
C. C. Cochran,

W. J. Hayes, *Town Clerk.*                *Comrs. of Highways.*"

And that said certificate of levy be amended so as to read as follows:

"Board of Comrs. of Highways,
*Town of Long Creek, County of Macon, Ill.*

"We do hereby certify that we require the sum of twenty-nine hundred dollars to be raised by a tax on the real, personal and railroad property in the above town, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out new roads and ditches, the purchase of the necessary material for building and draining roads and bridges, the pay of overseers of highways for the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, said amount being a levy of sixty cents on each $100 valuation according to the assessment of said town for the current year.

"Given under our hands this second day of September, 1902.

Wm. Sheets,
C. C. Cochran,
R. F. McDonald,
*Comrs. of Highways.*

Filed September 9, 1902.—J. M. Dodd, *County Clerk.*"

Section 191 of chapter 120 of the Revised Statutes, entitled "Revenue," (Hurd's Stat. 1903, p. 1541,) in part, reads as follows: "In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action pending in such court, and no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, or on account of the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner; and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity or informality in the assessment rolls or tax lists, or in any of the proceedings

connected with the assessment or levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned."

We think, under the repeated rulings of this court, (*Chicago and Alton Railroad Co.* v. *People,* 171 Ill. 544, *Chicago and Northwestern Railway Co.* v. *People,* 183 id. 247, *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351, and *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 205 id. 582,) construing said section of the statute permitting amendments to be made in judicial proceedings for the collection of taxes, the court did not err in permitting the record of the highway commissioners to be so amended that it would state the true action taken by the highway commissioners at said meeting, as evidenced by said writing executed by them and filed in the town clerk's office, and which remained on file as a part of the records and files of his office at the time of the trial of this case; and are also of the opinion that after the record of the proceedings of the highway commissioners had been amended so as to show the action of the commissioners at their September meeting relative to the levy of said road and bridge tax, it was not error to permit the certificate levying said road and bridge tax to be amended to correspond with said record. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People, supra,* it was held proper to permit a certificate of levy to be amended upon the trial to conform with the record of the town meeting in pursuance of which it was made.

It is, however, contended by the appellant, that, conceding the court had the power to allow the highway commissioners' record and the certificate of levy to be amended upon the trial, the certificate of levy was not sufficient, after the same was amended, upon which to authorize the county clerk

to extend said road and bridge tax, as the amended certificate of levy does not state the specific amounts sought to be levied for each of the purposes named in the certificate. Said section 119 provides that the highway commissioners shall ascertain, as near as practicable, the amount necessary to be raised for each of the purposes named in that section of the statute. This the amended record of their proceedings shows they did. The statute then provides the highway commissioners "shall give to the supervisor of the township * * * a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, * * * who shall cause the same to be submitted to said board for their action at such September meeting of said board." This provision was also complied with so soon as the certificate was amended.

It is said, however, in *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 Ill. 566, this court held it was necessary the certificate of levy of a road and bridge tax should state the specific amounts for each purpose for which the tax is levied. It has been repeatedly held by this court, under statutory provisions substantially the same as section 119, that while a strict compliance with such statutes would require the amount of the tax to be raised to be stated in dollars and cents, a fixed percentum upon each $100 of taxable property is sufficient. In *Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 Ill. 237, on page 240, it was said: "It was the duty of the commissioners to ascertain, as near as practicable, how much money must be raised by tax for the making and repairing of roads, and to levy and assess the same as a road tax against the real, personal and railroad property in the town subject to taxation. Here there was no ascertainment of the amount of money necessary to be raised by amount or by a percentum upon each $100 of taxable property, and no levy was made. A strict compliance with

the statute would require the amount of the tax to be raised to be fixed in dollars and cents, but under the authority of *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, *Chicago and Alton Railroad Co.* v. *People,* 163 id. 616, and *Gage* v. *Bailey,* 102 id. 11, a fixed percentum upon each $100 of taxable property would have been sufficient, as the amount of the assessment and tax could readily be determined therefrom."

Under the doctrine announced in that and other cases it is clear the certificate of levy filed by the highway commissioners of Long Creek township, through the supervisor of that township, with the board of supervisors, in 1902, was sufficient before it was amended. By the amendment the certificate of levy, by inserting therein the total amount of road and bridge tax sought to be raised for the year 1902 in said township in dollars and cents, was made to comply literally with all the requirements of said section 119. It will be observed that while section 119 requires the highway commissioners to ascertain the specific amount for each purpose named in the section for which a road and bridge tax is sought to be raised, the highway commissioners, in the certificate which the section provides shall be delivered to the supervisor of the township and by him to the board of supervisors, are only required to state the amount necessary to be raised, and does not require the commissioners to incorporate in the certificate of levy the several amounts which they have ascertained will be necessary to be expended for the different purposes named in that section of the statute, and which, when aggregated, constitute "the amount necessary to be raised." While the contention of the appellant finds support in the case referred to, we are satisfied the court in that case did not give the last clause of the portion of section 119 above set out the full force it is entitled to in the construction of said section of the statute, and upon further reflection and consideration we have reached the conclusion it is not necessary, in the certificate of levy of a road and bridge

tax by the highway commissioners, to state more than the amount necessary to be raised in making the tax levy for road and bridge purposes under the provisions of section 119 of the Road and Bridge act, and that so far as the case of *Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra,* is in conflict with such view it is overruled.

It is claimed that the proof shows that the full amount of the road and bridge tax lawfully levied for the year 1902 in Long Creek township was paid by the tax-payers of said township other than the appellant, and it is contended for that reason the appellant should not be required to pay said road and bridge tax, even though it be found to be a legal and valid tax to the extent of forty cents on the $100. The condition referred to by appellant was due to the fact that many of the tax-payers of said township paid in full the levy of sixty cents on the $100,—that is, they did not question the legality of the extra twenty cents on the $100 upon the assessed valuation of the property of the township, but paid the assessment in full. To sustain its position appellant relies upon the cases of *Walser* v. *Board of Education,* 160 Ill. 272, and *Wabash Railroad Co.* v. *People,* 196 id. 606. In the *Walser case* a suit was brought by one school district against another school district to recover taxes collected by the defendant district upon lands located within the boundaries of the plaintiff district through a mistake as to the location of the lands against which the taxes were assessed. And in the *Wabash case* the property of the railroad company had been assessed for school purposes in a school district other than the school district wherein its property was located, and the school taxes levied by reason of such assessment were paid. Afterwards an attempt was made to re-assess the property of the company in the district in which it was located, as omitted property. It appeared in both cases that all the school taxes levied in the school districts where the lands should have been assessed had been paid in full by other property owners against whose property the full amount of

the taxes had been assessed,—that is, the full amounts of the taxes had been extended against other property in the districts and paid,—and it was held such payments were a satisfaction and discharge of the taxes and said taxes could not be again collected. Here there is no pretense that all the taxes lawfully levied for road and bridge purposes in said township for the year 1902 have been paid, but it is said the taxes collected upon an illegal assessment should be used to satisfy the taxes extended upon a legal assessment,—in other words, the appellant should be relieved from the payment of its legal taxes because other tax-payers in the township have paid taxes which were illegal. The cases referred to have no application, in principle, to the case at bar.

It is further contended the county court was powerless to render judgment against the property of appellant for a portion of said tax levy. The law is plain that where a part, only, of a tax is illegal, but it is so levied that the legal can be separated from the illegal tax, judgment may be rendered for the tax legally assessed and refused as to the portion which is illegal. (*People* v. *Nichols,* 49 Ill. 517; *Mix* v. *People,* 72 id. 241; *Thatcher* v. *People,* 93 id. 240; *Vittum* v. *People,* 183 id. 154.) The forty cents on the $100 of road and bridge tax levied in said township for the year 1902 was severable from the sixty cents on the $100, and the county court, after eliminating the excessive levy of twenty cents on the $100 from said assessment, properly rendered judgment for the valid portion of the tax.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*