THE PEOPLE *ex rel.* Henry Weber, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*amended Revenue law requires same per cent of reduction throughout taxing district.* Where it becomes necessary, under the amended Revenue law of 1909, (Laws of 1909, p. 323,) to reduce the rate of tax levy in any portion of a taxing district, the act requires the same per cent of reduction in the rate of such tax levy in every other part of the taxing district, in order that a uniform rate shall apply throughout the district.

2. SAME—*the rule for reducing county, town and city taxes.* Where the aggregate of tax rates, exclusive of the levies for State, village, levee, school building, high school and road and bridge purposes and for the payment of bonded indebtedness, is higher in a certain city than in any other taxing district in that county, the county clerk must reduce the county tax, city tax and town tax in the same proportion as is necessary to reduce the said aggregate rate to three per cent on the $100, but if such reduction brings the county and city tax below the minimum rate fixed by law the minimum rate must be used.

3. SAME—*what should be excluded before reducing tax for city purposes.* Before reducing the rate of a tax levy for city purposes, which includes levies to pay the principal and interest on bonded indebtedness and for library maintenance and library building purposes, the rates for such levies should be excluded, as the tax rate for bonded indebtedness is not subject to reduction, and the rates for library maintenance and library building purposes, while subject to reduction, are not to be included in the minimum rate fixed by law below which the city tax cannot be reduced.

4. SAME—*what essential to validity of road tax in town under labor system.* It is essential to the validity of a road and bridge tax in a town under the labor system that there be a certificate signed by the commissioners of highways and submitted to the board of supervisors for action at the September meeting of the board, and if the certificate upon which the tax was extended was signed only by the county clerk it cannot be amended, on application for judgment for the tax, by adding the names of the commissioners.

APPEAL from the County Court of Shelby county; the Hon. J. K. P. GRIDER, Judge, presiding.

WILLIAM C. KELLEY, (E. H. SENEFF, and WILLIAM H. CRAIG, of counsel,) for appellant.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county court of Shelby county, at the June term, 1910, rendered judgment against the property of appellant, the Chicago and Eastern Illinois Railroad Company, for $471.20, being the aggregate amount of unpaid taxes extended against appellant's property in Shelby county by the county clerk. Appellant has prosecuted an appeal from that judgment to this court.

The taxes for which judgment was rendered consisted of portions of the county tax, town tax of the town of Shelbyville and city tax of the city of Shelbyville, and the road and bridge tax of the town of Todds Point, all having been levied during the year 1909. The objections to the unpaid portions of the county tax, town tax and city tax present the question whether the county clerk, in extending these taxes, followed the provisions of an act entitled "An act to amend section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended by an act approved March 29, 1905, in force July 1, 1905," in force July 1, 1909. (Laws of 1909, p. 323.) We have heretofore held this act constitutional, (*Booth* v. *Opel,* 244 Ill. 317; *Town of Cicero* v. *Haas,* 244 id. 551;) and that when it becomes necessary, under the provisions of the act, to reduce the rate of tax levy in any portion of a taxing district, the act requires the same per cent of reduction in the rate of such tax levy in every other part of such taxing district, in order that a uniform rate shall apply throughout each taxing district. (*Town of Cicero* v. *Haas, supra; People* v. *Chicago and Alton Railroad Co. (ante,* p. 87.) The county clerk should therefore have followed the provisions of this act in extending the county, town and city taxes, but it is clear that he did not do so.

Shelby county has a population of less than 300,000 and the population of the city of Shelbyville is less than 150,000. The bonded indebtedness of the city of Shelbyville did not, when these taxes were levied, exceed six per cent of the assessed valuation of the taxable property therein, and none of the city taxes were levied pursuant to the mandate or judgment of any court of record on any bonded indebtedness. The aggregate of all rates of tax levies, exclusive of the levies for State, village, levee, school building, high school and high school and road and bridge purposes and for the payment of bonded indebtedness, was higher in the city of Shelbyville than in any other taxing district or municipality in Shelby county, being $4.213 on each $100 assessed valuation of taxable property in the city. The act required the county clerk to reduce the rates of the county tax, town tax and city tax in the same proportion that it was necessary to reduce the above mentioned aggregate of $4.213 on each $100 assessed valuation in order to bring such aggregate down to three per cent of the assessed value of the taxable property in the city, subject, however, to the limitation that the rate of tax levy for county purposes should not be reduced below forty-five cents on each $100 assessed valuation of the taxable property in the county, and the rate of tax levy for city purposes, exclusive of library, school and park purposes and exclusive of taxes levied for the payment of the principal of and the interest on bonded indebtedness, should not be reduced below $1.20 on each $100 assessed valuation of taxable property in the city. A reduction of 28.79 per cent is necessary in order to bring the aggregate of $4.213 on each $100 assessed valuation down to three per cent of the assessed value of the taxable property in the city, hence the county clerk should, subject to the limitation above mentioned, have reduced the rates of the county tax, town tax and city tax 28.79 per cent before extending those taxes. A rate of fifty-five cents on each $100 valuation was required to produce the amount

levied for county purposes, and it was the duty of the county clerk, under the provisions of said act, to reduce that rate to the minimum rate fixed by the act for county purposes, being forty-five cents on each $100 valuation, and to extend the county taxes at such minimum rate. The county clerk, however, extended the county tax against appellant's property at the rate of fifty-five cents on each $100 assessed valuation. This was ten cents on each $100 assessed valuation in excess of the rate authorized by law, and as appellant paid the county tax at the rate of forty-five cents on each $100 assessed valuation of its property in the county and objected only to the illegal excess, its objection to the county tax should have been sustained.

The same condition exists with reference to the town tax of the town of Shelbyville. A rate of fourteen and three-tenths cents on each $100 assessed valuation of the taxable property in the town was required to produce the amount certified to the county clerk for extension for town purposes, and the county clerk extended the town tax against appellant's· property in the town of Shelbyville at that rate. The rate should have been reduced 28.79 per cent, and as appellant paid the town tax· at the rate of ten and three-tenths cents on each $100 assessed valuation of its property in the town and objected only to the excess, its objection to the town tax of the town of Shelbyville should have been sustained.

A rate of $1.94 on each $100 assessed valuation of the taxable property in the city of Shelbyville was required to produce the amount certified to the county clerk for extension for city purposes, and said clerk extended the city tax against appellant's property in the city at that rate. It appears from facts shown upon the hearing that forty-seven cents of this rate was required to produce the amount levied to pay the principal of and interest on bonded indebtedness, and twenty-four cents thereof was required to produce the amount levied for library maintenance and for library build-

ing purposes. The county clerk should have excluded these rates from the total city rate of $1.94 before reducing the rate of tax levy for city purposes, leaving $1.23, which, under the provisions of said act, should have been reduced to the minimum rate of $1.20 on each $100 assessed valuation before extending the city tax. The levy of twelve cents on each $100 assessed valuation of taxable property for library maintenance was made under the provisions of section 1 of an act entitled "An act to authorize cities, incorporated towns and townships to establish and maintain free public libraries and reading rooms," approved and in force March 7, 1872, as amended by an act approved June 14, 1909, in force July 1, 1909, and the levy of the additional twelve cents on each $100 assessed valuation for library building purposes was made under the provisions of section 13 of that act. These rates for library purposes, aggregating twenty-four cents on each $100 assessed valuation, could not be included in the minimum rate of $1.20 to which the county clerk was required to reduce the rate for city purposes, as appellant contends they should have been, (*People v. Cairo, Vincennes and Chicago Railway Co. ante,* p. 554,) but should have been reduced 28.79 per cent, making the rate for library purposes seventeen cents instead of twenty-four cents on each $100 assessed valuation. The rate of forty-seven cents on each $100 assessed valuation, which was required to produce the amount levied to pay the principal of and interest on bonded indebtedness, was not subject to any reduction. The total rate of the city tax should have been the sum of the rates for city and library purposes, reduced as above shown, and the rate necessary to produce the amount levied for the payment of the principal of and interest on bonded indebtedness, making an aggregate rate of $1.84 on each $100 assessed valuation of taxable property in the city. Appellant paid the city tax at the rate of $1.70 on each $100 assessed valuation and objected to the excess, amounting to $41.99. It was legally

liable for a city tax extended against its property at a rate of $1.84 on each $100 assessed valuation, and the excess only, amounting to $17.49, was subject to the objection made to the city tax.

The objection to the road and bridge tax of the town of Todds Point is, that the only authority for its extension by the county clerk was a certificate filed in his office which, although purporting to be made by the commissioners of highways of the town, was signed only by the town clerk. The town is under the labor system, and in order to make a valid levy for road and bridge purposes it was essential that the certificate be signed by the commissioners of highways and submitted to the board of supervisors of the county for their action at the September meeting of the board. (Laws of 1909, p. 333.) No certificate signed by the commissioners of highways of the town was presented to or acted upon by the board of supervisors at their September meeting in the year 1909. This tax was therefore not legally levied and should not have been extended by the county clerk. (*Leachman* v. *Dougherty,* 81 Ill. 324; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 174.) The attempt by appellee to remove this objection to the tax, upon the hearing, by adding the names of the commissioners of highways to the certificate was wholly ineffectual. The statutory requirement that the statement of the commissioners signed by them shall be submitted to the board of supervisors must be complied with, (*Chicago and Northwestern Railway Co.* v. *People, supra,*) and the amendment made to the certificate upon the hearing below did not overcome that objection to the tax.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections to the county tax, to the town tax of the town of Shelbyville, to the road and bridge tax of the town of Todds Point and to $17.49 of the city tax of the city of Shelbyville.

*Reversed and remanded, with directions.*