THE PEOPLE *ex rel.* John F. Schroll, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

TAXES—*record of highway commissioners may be amended to show fact that amount of road tax was determined.* On application for judgment and order of sale for delinquent road and bridge taxes the record of the meeting of the highway commissioners on the first Tuesday in September may be amended by oral testimony, upon clear proof of the fact, to show that at such meeting the amount of the road and bridge tax was properly determined, even though the record is silent as to such fact, due to the failure of the clerk to make a record thereof.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding.

CREA & HOUSUM, (JOHN G. DRENNAN, of counsel,) for appellant.

JESSE L. DECK, State's Attorney, and CHARLES F. EVANS, (J. W. MONTGOMERY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Upon application for judgment in the county court of Macon county against the real estate of appellant for delinquent taxes, said company appeared and filed objections as to certain road and bridge taxes. Those objections were overruled, and this appeal was then taken.

The present Road and Bridge law requires that the commissioners of highways hold two meetings for the purpose of fixing the tax rate for road and bridge tax for a given year,—one between the first Tuesday in August and the first Tuesday in September, and the other on the first Tuesday in September, at which last mentioned meeting they shall determine and certify the amount necessary to be raised for road and bridge purposes for the ensuing year. It is conceded by counsel for appellant that both these meetings were held at the proper time and place, but it is contended that up to the time of the trial of this cause nothing appeared in the record book of the highway commissioners indicating that the amount for road and bridge purposes for 1915 had been determined by the said commissioners at the meeting held on the first Tuesday of September, and that there was not in such book any reference to the taxes for such purpose. On the hearing the court permitted the record to be amended so as to show that a proper motion was made, seconded and carried to determine the amount of the road and bridge tax here under consideration. This record, as amended, was then admitted in evidence by the court.

Counsel for appellant concede that if the action of the court allowing this amendment and receiving in evidence the record as so amended was correct then the judgment appealed from should not be disturbed, but they argue that as the original record of said highway commissioners as to said September meeting made no reference to this road and bridge tax, it could not be amended under section 191 of the Revenue law of this State as construed by this court; that such amendment can only be allowed as to informalities or irregularities when, as we understand their argument, the substance of the action taken by the highway commissioners is found in the record. This identical question was decided adversely to appellant's contention in *Chicago and Northwestern Railway Co.* v. *People,* 184 Ill. 240. There

the minutes of the annual town meeting were in evidence and no reference appeared as to the levy of the town tax. The court in that case held that, based on oral testimony, the record could be amended so as to show the action of the town meeting with reference to said tax, and that it was not error to permit the amendment. This conclusion is supported by the reasoning in many decisions in this State, among others *Cincinnati, Indianapolis and Western Railway Co. v. People,* 212 Ill. 518, *Cincinnati, Indianapolis and Western Railway Co. v. People,* 206 id. 565, *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. People,* 205 id. 582, *Indiana, Decatur and Western Railway Co. v. People,* 201 id. 351, and *Chicago and Alton Railroad Co. v. People,* 171 id. 544. This court has frequently laid down the rule that a public body has the right to "amend the records of its action at any time so as to make them conform to the real facts in the case. To hold otherwise would permit great injustice to be done to the public. A public body proves its acts by the record, and if there is a mistake or omission therein, those in charge of that record have a perfect right to amend it." (*People v. Zellar,* 224 Ill. 408, and cases cited; *People v. Carr,* 265 id. 220; *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co. ante,* p. 195.) In order that such amendment may be made, however, the evidence must be clear and satisfactory. (*Cincinnati, Indianapolis and Western Railroad Co. v. People, supra.*) The evidence in this case as to what actually took place at the meeting on the first Tuesday of September shows clearly and without contradiction that the highway commissioners did pass a resolution determining the amount necessary to be raised by the road and bridge tax, and the only error or defect was that the clerk omitted to make a record in his minutes of that fact.

The judgment of the county court is affirmed.

*Judgment affirmed.*