(No. 21150

THE PEOPLE ex rel. A. C. Davis, County Collector, Appellant, vs. THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed February 19, 1932.*

MAX E. HANSON, State's Attorney, and L. A. CRANSTON, for appellant.

W. O. EDWARDS, and CHARLES E. FEIRICH, (R. V. FLETCHER, E. C. CRAIG, and R. C. BECKETT, of counsel,) for appellee.

Mr. Justice Heard delivered the opinion of the court:

A. C. Davis, county collector of Perry county, filed a petition in the county court of that county for a judgment against the lands and railroad property of appellee, the Illinois Central Railroad Company, for taxes for the year 1930 alleged to be delinquent. Appellee filed objections thereto, which, upon hearing, were sustained and judgment entered discharging the petition as to appellee. From this judgment the county collector has appealed to this court.

The taxes in controversy are a county tax of twelve cents on each $100 and a road tax of thirty-five cents on each $100 valuation of appellee's property. The objections to the county tax are, that the record of the county board fails to show that any rate of county tax was ever determined by the county board, and also fails to show that an aye and nay vote was taken in making the tax levy, as required by law. The objection to the road and bridge tax is that the "certificate of levy does not determine any rate and the road district record fails to show that any rate was determined."

The regular meeting of the county board was held on September 16, 1930, and it is conceded that on that date the record shows an order for the county clerk to extend the taxes, and that in such order the rate at which the taxes were to be levied was left blank and that on that date no rate was fixed. Appellant sought to meet appellee's objection in this respect by asking leave to amend the record of the board to show an adjournment from September 16 to October 7, 1930, and to amend the record of a meeting held October 7 to show proceedings similar to those shown by the record of September 16, except that the rate was fixed at twelve cents by an aye and nay vote of the board. A record of the taxing body showing the levy or assessment of a tax must be kept but on a proper showing may be so amended as to show the truth. (*People* v. *Chicago, Lake Shore and Eastern Railroad Co.* 270 Ill. 477; *People* v.

*Toledo, St. Louis and Western Railroad Co.* 270 id. 472;
*People* v. *Schlitz Transfer Co.* 333 id. 333.) In order that
such amendment be made, however, the evidence of a mis-
take in the original record and that the amended record
speaks the truth must be clear and satisfactory. (*People*
v. *Illinois Central Railroad Co.* 271 Ill. 213.) The court
did not allow the amendment to be made but allowed evi-
dence as to what took place at the meeting of the board
on September 16, September 23 and October 7, 1930. Ap-
pellant proffered an amendment to the record of the meet-
ing of October 7 but did not offer one as to the meeting
of September 16 or September 23. The county clerk was
called by appellant as a witness and he produced the rec-
ords of the meetings on those dates. The only one of those
records mentioning the tax in question was that of Sep-
tember 16. The abstract does not show that the meeting of
September 16 adjourned to any particular time. The rec-
ord produced by the county clerk shows that the meeting
of September 23 did not adjourn to any particular time.
Neither the county clerk nor his deputy was present on Oc-
tober 7 at a meeting of the county board, which consisted
of only three members, at which any action was taken with
reference to fixing the rate of the county tax. The proposed
amendment of the record of October 7 recites that the meet-
ing of September 16 adjourned to October 7. The evi-
dence of the commissioners does not show that all the mat-
ters stated in the proposed amendment occurred as stated
in the amendment. The proposed amendment is not the
record of a resolution, motion or order fixing a tax but
is a recital that at a past time, just when it is impossible
from the language used to tell, the board had "ordered the
clerk to extend the rate upon all property in said county
of Perry and State of Illinois so subject to taxation upon
its proper valuation at the rate of twelve cents per each
$100 valuation." The evidence does not show that the rate

of the county tax was fixed by the county board at a meeting held by it at a time when it had a right to levy such tax, and the court did not err in refusing to allow the amendment to be made or in sustaining appellee's objection to the county tax.

Perry county is a county not under township organization. On the 13th day of September, 1930, the clerk of road district No. 53, township 5, range 3, in Perry county, filed with the county clerk of that county the highway commissioner's certificate of road and bridge tax to be levied for that road district. This certificate was in the regular form except that the rate was left blank. Appellant attempted to rectify this error by showing that on September 2, 1930, a certificate signed by the highway commissioner exactly like the one filed with the county clerk except that the blank for the rate contained the figures "33," was filed with the district clerk. The district clerk did not know which one of these certificates was the original and which was the copy. By sections 50 and 56 of the Road and Bridge act the district road commissioner was required to annually· determine the amount necessary to be raised by taxation for road and. bridge purposes, to determine the tax rate to be certified by him to the county board, and to make a certificate to the board of county commissioners. Each of these was an independent act and each of them was mandatory. (*People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53.) The proceedings of the highway commissioner of a road district as to the levying of taxes are official proceedings and must be shown by an official record to be kept by the district clerk. (*People* v. *Chicago Great Western Railway Co.* 279 Ill. 176.) In this case no such record was kept by the district clerk and no attempt was made to have him amend his records to show such proceedings. As the record fails to show a meeting at which the road and bridge tax was determined upon, as required by the statute, it is insufficient to sustain the levy of any valid road and bridge

tax. For this reason the objections to this tax were properly sustained by the court.

Objection is made by appellant that the court erred in refusing to admit evidence offered by him. All of the evidence offered is set out in the abstract, and if it had all been admitted by the court the result of the trial could not have been changed thereby.

The county court did not err in sustaining appellee's objections, and the judgment of the county court is affirmed.

*Judgment affirmed.*