(No. 26000.-

THE PEOPLE *ex rel.* Fred A. Preisel, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 18, 1941.*

EVA L. MINOR, (S. W. BAXTER, of counsel,) for appellant.

JOSEPH J. TOLSON, State's Attorney, (ARMEN R. BLANKE, and W. H. DYER, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The county court of Kankakee county overruled objections of appellant to the road and bridge tax levied for the

town of Kankakee in said county and entered judgment against the property of appellant. This appeal followed.

September 6, 1938, the highway commissioner of said township determined the amount necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges. The members of the board of town auditors gave their written consent to a levy in excess of 25 cents on each $100 valuation of the taxable property of the town, but not in excess of 33 cents, as provided by section 56 of the Roads and Bridges act. Thereafter, the commissioner of highways, at a regular meeting held on the same date, fixed $40,735.79 as the amount necessary to be raised by taxation for road purposes, which required a levy of 33 cents, and ordered certification of such facts filed in the office of the county clerk. September 7 the town clerk filed a paper in the office of the county clerk setting forth the foregoing facts but such instrument was not then signed by the highway commissioner. The county clerk, on the authority of such certificate, extended a tax against the property of appellant in the sum of $1686.61. Appellant's objection to the tax was that the failure of the highway commissioner to sign the certificate rendered the tax void. On the hearing, the court permitted the highway commissioner to affix his signature to the certificate and then overruled appellant's objection.

Sections 50 and 56 of the Roads and Bridges act (Ill. Rev. Stat. 1939, chap. 121, pars. 56, 62) require the highway commissioner to annually determine the amount necessary to be raised by taxation for road and bridge purposes, to determine the tax rate to be certified by him to the county board and to make a certificate and file the same with the county clerk. Such certificate must be presented to the county board at the regular September meeting for its consideration. Each of the acts required of the highway commissioner is independent and each of them is mandatory. *People* v. *Illinois Central Railroad Co.* 347 Ill. 377.

In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 354 Ill. 342, it was held that the failure of the taxing body to properly execute the certificate filed with the county clerk invalidated the tax extended on the authority of such a certificate. In *People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 596, it was held that a certificate of levy purporting to be made by the commissioner of highways but signed only by the town clerk rendered the extension of taxes on such certificate void.

One of the mandatory provisions of section 56 is that the board of supervisors shall give its approval of a levy of the amount stated in the certificate of the highway commissioner. To obtain such approval it was essential that the board have a valid certificate presented to it. (*People* v. *Chicago and Eastern Illinois Railway Co.* 361 Ill. 470.) The tax levied by the county clerk pursuant to such defective certificate was not legally levied and should not have been extended. *People* v. *Chicago and Eastern Illinois Railway Co. supra; Chicago and Northwestern Railway Co.* v. *People,* 184 Ill. 174.

Appellee contends the defect in the certificate was cured when the court permitted the highway commissioner to affix his signature. Reference is made to sections 235 and 236 of the Revenue act of 1939 (Ill. Rev. Stat. 1939, chap. 120, pars. 716, 717,) as authorizing the court to permit such an amendment. Upon application for judgment and order of sale for a delinquent tax, amendments may properly be allowed by authority of those sections where there has been an attempt to comply with the law but the attempt is ineffective on account of some informality or clerical error. (*People* v. *New York Central Railroad Co.* 314 Ill. 429; *People* v. *Brown,* 261 id. 73.) However, such amendments can not be allowed where they add matter which is essential as a basis for the levy of the tax. (*People* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624.) No certificate signed by the highway commis-

sioner was presented to or acted upon by the board of supervisors at its September meeting, and, since the approval of the board was essential to the validity of the tax, the affixing of the signature at the hearing did not give the board an opportunity to act upon a valid certificate. The court erred in permitting the highway commissioner to affix his signature to the certificate and in holding the levy valid.

For the reasons assigned, the judgment of the county court is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*